Dougherty *vs.* Bethune.

No. 17.—WILLIAM DOUGHERTY, plaintiff in error, *vs.* JOHN BE-
THUNE, assignee of the Chattahoochee Rail Road and Bank-
ing Company, defendant in error.

[1.] In an action against an assignee of a bank, a plea that there never was
an assignment made to him, and a plea that he (the defendant) is not the
assignee of the bank, are pleas to the action, and go to the merits.

[2.] A party in a Court of Justice is not estopped to deny facts recited in
an Act of the Legislature. So far as the facts recited in an Act are concern-
ed, it is no law, and the Court is not bound to take judicial cognizance of it.
The investigation of facts belongs to the judicial department of the Govern-
ment.

[3.] Where the rights of a party plaintiff depend upon the facts that an
assignment was made by a bank to the defendant, and that the defendant is
the assignee, he must prove them, notwithstanding they are recited in a
public Act of the Legislature.

Assumpsit, &c. in Muscogee Superior Court. Tried before
Judge ALEXANDER, May Term, 1849.

William Dougherty, the holder of bank notes of the Chatta-
hoochee Rail Road and Banking Company, to the amount of
$6,850, brought suit upon the same against John Bethune, as as-
signee of the said company, and judgment by default was entered
at the first term.

The defendant pleaded at the trial term, that he was not the
assignee, as alleged in plaintiff's declaration, and that the only as-
signment under which defendant had ever consented to act as
trustee, was made by the company to Van Leonard, William P.
Yonge and this defendant.

The defendant farther pleaded, that there never was an assign-
ment made by the said company, and recorded in the Clerk's
office of the Superior Court of Muscogee County, as is alleged
in the Act of the Legislature of the State of Georgia, passed on
the 23d December, 1843.

The Act referred to provides, in the *1st section,* that the assign-
ment made by the Chattahoochee Rail Road and Banking Com-
pany to John Bethune, (among other assignments specified there-
in,) "which assignments conform to the Act of the last General
Assembly, and are of record in the Clerk's office of the Supe-

rior Court of Muscogee County, shall be taken, held and consider-ed valid for all purposes, both in Law and in Equity.

*Section* 2 provides for the settlement of the debts due to and from the companies, by their respective assignees.

*Section* 3 provides that the assignees shall, upon motion, be made parties to any suit pending, " and that they shall have full power to sue and be sued in their character as assignees,.for any demand due to and from said banking institutions."

*Section* 4 provides that the assignees shall be subject to the same duties, responsibilities, pains and penalties as are provided for receivers in the Act of 1842.

At the trial the plaintiff moved to strike out the pleas of de-fendant, and upon hearing argument, the Court sustained the motion as to that portion of the plea, alleging that the only as-signment under which the defendant ever consented to act as · trustee, was made to him jointly with others, and overruled the motion as to the other pleas, to which last decision plaintiff ex-cepted.

The plaintiff read his notes or bills in evidence to the Jury, and closed his case ; whereupon defendant's counsel moved for a non-suit, on the ground that plaintiff was required to prove that John Bethune was assignee; *which motion the Court sustained, and ordered a nonsuit.* To this decision the plaintiff excepted.

W. Dougherty, for plaintiff in error.

H. L. Benning, for defendant.

*By the Court*—Nisbet, J. delivering the opinion.

[1.] The pleas, 1st, *that the defendant below was not the assignee of the bank,* and 2d, *that there never was such an assignment made to him by the bank, and recorded in the Clerk's office of the Superior Court of Muscogee County, as is alleged in the Act of* 1843, were demurred to, and the demurrer overruled. The plaintiff in error excepts to that decision, and insists that these are dilatory pleas, and ought to have been filed at the first term ; that there being a judgment by default, and the default opened, the defendant is limited to pleas to the merits, and that these are not pleas to the merits ; and farther, that they are negatived by the Act of 1843,

which declares that there was such an assignment as plaintiff sets forth, and that defendant is the assignee, and therefore they ought to be stricken. These are pleas to the action. They go to the merits. They deny that plaintiff has any right of action against the defendant. If they are true, (and the demurrer admits their truth,) then the plaintiff is not entitled to his action.. The plaintiff seeks to charge the defendant as assignee of the bank. Now, if there never was an assignment to·the defendant—if he is not an assignee—how can the plaintiff have an action against him at all? How could the defendant, if the pleas are true, give to plaintiff a better form of action ? . He could have no action whatever against this defendant, as assignee.

The last reason given in support of the demurrer, to wit, that the truth of the pleas is negatived by the Act of 1843, will be more appropriately considered under the last assignment. The pleas being retained, the plaintiff proceeded, and introducing his notes, closed his case ; whereupon the defendant moved for a nonsuit, on the ground that the plaintiff had not proven that the defendant was the assignee of the bank. The Court sustained the motion, and that decision is assigned for error.

The plaintiff in error contends that he was not bound to prove that defendant was the assignee, because that fact is declared in the Act of the Legislature of ·1843, and the Court was bound to take judicial cognizance of that Act.

[2.] The Act of 1843 recites·that the bank had made an assignment to John Bethune, the defendant; affirms that assignment, and declares that he shall proceed to collect the assets ; shall be suable, and shall have power to sue; and farther, shall be subject to the same duties, responsibilities, pains and penalties as are provided for receivers under the previous Act of 1842. (*See Act* 23*d Dec.* 1843.) Courts are bound to take cognizance of all public Acts of the Legislature; they need not be pleaded or *proven.* The Act of 1843, so far *as it is a law,* the Court was bound to know. It affirms the assignment, which it states has been made ; it defines the duties of the assignee, and declares his responsibilities; it places him upon·the footing of receivers under the Act of 1842, and it is conclusive as to all legal rights which may exist under its provisions. But so far as it *recites facts,* it is not a law, and the Courts are not bound to recognise it as such. The Legislature has no power to legislate the truth of facts. Whether facts

upon which rights depend, are true or false, is an inquiry for the Courts to make, under legal forms; it belongs to the judicial department of the Government. By the Constitution the legislative and judicial departments are distinct. A citizen is not estopped to deny, in the Courts of the country, any mere fact which the Legislature may choose to recite. If he was, the Government would be a despotism, and the Legislature. might be a tyrant. The defendant here pleads that there never was such an assignment as is alleged in the Act of 1843. He is not estopped by that Act to deny the *fact* of assignment.

[3.] The plaintiff can take nothing by the recital of that fact in the Act, when an issue is made on it. The plaintiff must prove it. It is a part of his case. So, also, the defendant denies by his plea, that he is an assignee. He is not made such by the recital in the Act that he has been appointed assignee. It may be true that he was appointed assignee by the bank; yet he may have disclaimed—he may not have accepted. Both the appointment and an acceptance of the trust, are necessary to constitute him assignee. Both are issuable facts. The Legislature cannot make a. citizen an officer against his consent.

The plea that defendant never was the assignee, is analagous to the plea of *ne unques executor*, which casts the onus on the plaintiff.

Let the judgment below be affirmed.