Bethune vs. Dougherty.

No. 56.—John Bethune, plaintiff in error, vs. William Dougherty, defendant in error.

[1.] To constitute one an assignee, the acceptance of, as well as the appointment to the trust are necessary.

[2.] The Legislature cannot make a citizen the receiver of a broken corporation and thereby subject him to duties and responsibilities, pains and penalties, without his consent and against his will.

Assumpsit, in Muscogee Superior Court. Tried before Judge Worrell at December Term, 1855.

This was an action of assumpsit brought by William Dougherty against John Bethune, assignee of the Chattahoochee Railroad and Banking Company of Georgia, to recover seven hundred and sixty dollars of the bills of that bank.

The declaration set out and described the bills and averred that plaintiff was the owner and holder thereof.

That said bank on the 17th day of July, 1841, executed a deed of assignment by which it conveyed to John Bethune, William P. Young and Van Leonard, as assignees, all the assets of said corporation, for the payment of its debts, and authorized them to collect the debts, &c., due the corporation, who accepted the said trust and took upon themselves the execution of the same. That afterwards, on the 13th day of June, 1843, by a judgment of the Superior Court of Muscogee county, the charter of said company was declared forfeited, and the liberties and franchises granted to the same seized by the State. That afterwards, on the 23d day of December, 1843, the General Assembly of the State of Georgia, by an act passed on that day, authorized suits to be instituted against said John Bethune alone, as assignee, for the recovery of debts due by said company.

The defendant, amongst other pleas, pleaded the general issue, and that he had never accepted the appointment of trustee, either under the deed of assignment or the act of the Legislature, and that the said act was passed without his knowledge or consent.

Plaintiff offered in evidence the bank bills sued on and the deed of assignment, and closed.

The defendant then offered in evidence and read to the jury the following letter, to-wit:

COLUMBUS, 12th Dec., 1844.

His Excellency, GEORGE W. CRAWFORD:

DEAR SIR:—I see by an act of the last Legislature, I was appointed assignee or agent of the Chattahoochee Railroad and Banking Company of Columbus, which appointment I

Bethune vs. Dougherty.

must beg leave to decline accepting, as I could do no good by accepting the appointment, and might involve myself in difficulty and expense without a prospect of any profit. I have lost considerably by it already.

With high respect, your Excellency's

friend and obedient servant,

JOHN BETHUNE.

Here the testimony closed.

The presiding Judge charged the jury that the deed was *prima facie* evidence of the acceptance of the assignment by the defendant. That the act of 1843 gave creditors of the bank the right to sue defendant as assignee, &c. That it did not make him assignee of the bank. That he derived his appointment from the deed and not from the act, and if the deed was executed prior to the passage of the act, then the letter of defendant to the Governor, refusing to become assignee, would not rebut the presumption that he accepted the trust under the deed, or protect him against a recovery in this case.

And further, the Court charged the jury that although the deed of assignment was executed to Leonard, Young and defendant, it was competent for the Legislature to give creditors of the bank the right to sue defendant alone, as assignee, at common law, without joining his co-assignees. That by the act of 1843, this right was conferred on the creditors of the bank, and therefore it would not lie in the mouth of this defendant to say that plaintiff could not recover of him in this case, because Young and Leonard were not made parties defendant to this suit.

To each of which charges defendant excepts, and thereon assigns error.

MARTIN & PATTERSON, for plaintiff in error.

DOUGHERTY, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

We propose to consider but a single question in this case.

The suit is brought against John Bethune as the assignee and trustee of the Chattahoochee Railroad and Banking Company. The defendant denies that he is or ever was the assignee of said corporation. The plaintiff offered in evidence a deed of assignment made by the corporation to Van Leonard, John Bethune, the defendant, and one Wm. P. Young. The defendant objected, that this deed constituted three persons assignees, and that a suit cannot be maintained against one of them separately. To obviate this objection the plaintiff relies upon the act of the Legislature of 1843, making valid the assignment of the Chattahoochee Railroad and Banking company to John Bethune alone, and conferring upon said assignee full power to sue and be sued in his said character of assignee, for any demand due to and from said corporation. *Cobb* 121.

Defendant then read a letter from himself dated in December, 1844, and addressed to the then Governor of the State, declining the legislative trust. There was no proof adduced to show that Bethune had ever directly or impliedly accepted the trust, either under the deed of the corporation or the act of 1843, and it was insisted by counsel for the defendant in error, that the Legislature could subject him to be sued as the assignee of the bank, not only without his consent, but against his will.

This case came before this Court in 1849, [7 *Ga. Rep.*, 90,] when it was solemnly adjudicated that both the appointment and acceptance of the trust were necessary to constitute Bethune assignee: and further, that the Legislature could not make a citizen an officer against his consent. This point, therefore, is *res adjudicata* in this case, and we will only add, that to force a citizen to be an assignee, subject to the duties, responsibilities, pains and penalties, provided by the statue, would, in the language of the Judge who wrote out the

opinion in the former case, make the Government a despotism and the Legislature a tyrant.

I cannot take leave of this case without expressing my gratification at the professional decorum with which the argument was conducted.

Judgment reversed.