## BETHUNE *vs.* DOUGHERTY.

1. Where a bill-holder sues the assignee of a bank upon its notes, and no plea of *non est factum* is filed, the plaintiff need not prove the execution of the bills.

2. The Chattahoochee Railroad & Banking Company made an assignment, in 1841, to Van Leonard, W. P. Yonge, and John Bethune, of its effects, to collect and pay its debts. There is no evidence that Van Leonard ever accepted the trust. There is proof that the other two did. In December, 1843, the Legislature passed an Act, in which it is recited that an assignment had been made by said Railroad & Banking Company, to John Bethune, and confirming and making valid said assignment for all purposes, both in law and equity; and declaring that said assignee might sue and be sued in his said character of assignee for any demand due to and from said banking institution. *Held,* That said Act is constitutional and valid, and that the subsequent renunciation by John Bethune, in December, 1844, of this legislative ratification of his appointment by the Bank, does not discharge him from liability.

3. Where a common law remedy is given to enforce an equitable right, to which the Statute of Limitations cannot be pleaded, it cannot be pleaded to the proceeding at law.

Assumpsit, in Muscogee Superior Court. Tried before Judge Worrill, at November Term, 1859.

This was an action of assumpsit by William Dougherty, as the owner and holder of the bills of the Chattahoochee Railroad & Banking Company, against John Bethune, whom the plaintiff alleged to be the assignee of said bank, and liable as such assignee, to be sued by the bill-holders, under the provisions of the Act of 1843.

Similar actions by the same plaintiff, against the same defendants, had been brought and tried, and the judgments in which had been brought to this Court upon writs of error. The decisions pronounced by this Court, in those cases, will be found in 7th *Ga. Rep.*, *p* 90, and in 21st *Ga. Rep.*, *p* 257, to which the professional reader is referred for a more full statement of the facts of this case.

The defendants pleaded, amongst other things, the general issue, Statute of Limitations, and non-acceptance of the appointment of assignee or receiver, made by the Legislature by Act of 1843.

The only additional fact as evidence on the trial in this case, was the introduction, in evidence, by plaintiff, of an answer made by defendant to the bill in chancery, in which he admitted that he had, under the appointment of assignee made by the deed of assignment made by the bank, in 1841, with Wm. P. Yonge, executed a deed conveying a certain house and lot in the city of Columbus, belonging to said bank, but that Yonge received the proceeds of sale.

Upon the trial, plaintiff offered to read in evidence the bills of the bank, the foundation of his action, amounting to $6,945 00. Defendant objected to these bills being received or read as evidence, until their execution was proved. The Court overruled the objection, and allowed the bills to go to the jury, without proof of their execution. To this decision defendant excepted.

Plaintiff then read the answer of the defendant to the bill in chancery, above referred to. He further read, in evidence, the deed of assignment made by the bank, conveying to Van Leonard and William P. Yonge, certain property therein described, and constituting and nominating them the assignees of said bank. This did bear date, July, 1841.

Defendant read to the jury his letter to Governor Crawford, dated December 12, 1844, declining and refusing to act under, or accept the appointment of assignee of said bank, made by Act of the General Assembly, December, 1843, and which letter will be found in 21 of *Georgia Reports.*

Defendants then read the judgment of forfeiture against said bank, rendered June 13, 1843, in the Superior Court of Muscogee county.

The testimony being closed, counsel for defendant requested the Court to charge the jury as follows, to-wit:

1st. That if Bethune never accepted the appointment of assignee, under the Act of 1843, then the plaintiff could not recover.

2d. That if Bethune and Yonge accepted the trusts, under the deed executed by the Act of 1843, then plaintiff cannot recover.

3d. That if more than six years elapsed from the forfeiture of the charter of the bank to the commencement of this suit, then the plaintiff's cause is barred by the Statute of Limitations. A similar request was made to charge as to the lapse of four years.

The Court refused to charge as requested by defendant, but charged the jury that if the Chattahoochee Railroad & Banking Company executed the deed of assignment, read in evidence, to Leonard, Yonge, and Bethune, and Young and Bethune accepted the trust therein created, then it was competent and within the power of the Legislature to pass an Act authorizing the plaintiff, or other creditors of the bank, to sue Bethune alone, and that it was not necessary, to enable plaintiff to recover, to show that Bethune accepted under the Act of 1843, provided he accepted under the deed of assignment executed by the bank; and if Bethune and Yonge accepted under said deed, then plaintiff could recover against Bethune in this action, even though he expressly refused to accept the duties and liabilities imposed by the Act of 1843.    To which charge and refusal to charge, counsel for plaintiff excepted.

The jury found for the plaintiff six thousand nine hundred and forty-five dollars, to be levied of the goods and chattels, lands and tenements of the Chattahoochee Railroad & Banking Company of Georgia, with interest and cost.

Whereupon, counsel for defendant tender their bill of exceptions, assigning as error the rulings, charge, and refusal to charge as above stated.

M. L. PATTERSON and B. Y. MARTIN, for plaintiff in error.

WILLIAM DOUGHERTY, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

Was counsel for plaintiff bound to prove the execution of the bills sued on, before they could be read to the jury?

The suit was against the assignee of the bank that purported to have issued these bills.   Was it not the duty of the defendant, under the Judiciary Act of 1799, to say nothing of the Act of 1856, passed for the purpose of dispensing with the proof, to have pleaded *non est factum* to the bills? They were the foundation of the action; and failing to do this, the *factum* of the bills will be preserved.

There was evidence sufficient to authorize the jury to find that John Bethune and Wm. P. Yonge accepted the trust

under the deed executed by the bank in 1841. They conveyed property under and by virtue of said appointment, and are thereby estopped from denying their acceptance. Now the Act of the Legislature, passed in 1843, does not propose nor purport to interfere with this assignment made by the bank. On the contrary, it expressly declares that the assignment made by the Chattahoochee Railroad & Banking Company to John Bethune, conforming as it does to the Act of the General Assembly of 1842, and of record in the Clerk's office of the Superior Court of Muscogee county, shall be taken, held and considered valid for all purposes, both in law and in equity : *Cobb's Digest,* 121.

It is suggested that here is the assertion of a solemn falsehood by the General Assembly, that there is no such assignment as one from the bank to Bethune. Whereas, the fact is, there is a deed to John Bethune, but not to him only. The conveyance is to Van Leonard, and William P. Yonge also. But there is no evidence that Van Leonard ever accepted the trust or acted under it, and while the contrary is true, as to Yonge at one time, to-wit: in August, 1841, when Bethune and himself made the deed to Gibson, may he not have withdrawn from the trust prior to December, 1843? and may not the Legislature have had satisfactory evidence that he had so withdrawn or renounced his trust? and are we not bound to presume that it had? Can any one doubt but that the Legislative ratification, in 1843, of these bank assignments, was with the knowledge and by the consent of all the parties in interest? As to Mr. Bethune, his letter to Governor Crawford, declining to act under the appointment of assignee made by the Legislature, as he is pleased to consider it, was not written until just twelve months after the Act of 1843. He never did refuse to act under the bank assignment, so far as we are informed by the evidence, and that is the only assignment ever made, and the only appointment ever made of himself as assignee, for the Legislature never did, or attempted to do either.

When the Act recites, then, that the assignment was made to John Bethune, looking to the state of facts as they then existed, they may have stated what was substantially, and for all practical purposes, true. And such, no doubt, is the fact—at least we are bound to believe it. And here is the fundamental error and misconception about the whole matter.

It is in treating of those assignments by the banks, and the appointment of assignees under them, respectively, as the Act of the Legislature, instead of the act of the banks. The Legislature simply affirmed or confirmed their acts, and made provisions for more effectually carrying them out.

The Act of 1843, amongst other things, provided that the assignees should have power and authority to proceed forthwith to the settlement, collection and payment of the debts due to and from said banking institutions, " according (to what?) to the provisions of the said several deeds of assignment." It further provided that said assignees should, upon motion to any Court in which suit is or may be pending, for or against said banking institutions, and notice of said motion to all the parties to said suit served upon them personally, or upon their attorney at law of record, be made parties to said suits; and that they should have full power to sue and be sued in their said character as assignees for any demand due to and from said banking institutions.

It was competent for the Legislature, surely, to do all this, and to substitute legal for equitable remedies for and against those assignees.

In *Dougherty vs. Bethune,* 7 *Ga. Rep.,* 90, there was no proof that John Bethune had ever accepted the assignment made by the bank, and the same defect in the proof existed in *Bethune vs. Dougherty,* 21 *Ga. Rep.,* 257. In both of these cases, the proposition maintained by counsel, was that the Legislature could force Bethune to act as assignee, without his consent or against his will. But this Court adhered to its position, that the acceptance of the trust was necessary to be proven. That testimony is now supplied; and since the decision in those cases, so far from sustaining the plaintiff in error in this case, are authorities really on the other side.

Does the Statute of Limitations of four or six years, bar the plaintiff's right of recovery in this action? We think not, most clearly. But not for the reason assigned by counsel for the defendant in error.

He insists, that this Court has laid down the doctrine broadly, that the statute does not apply to bank bills, and so it did. But that rule applied, perhaps, to bank bills which continued to circulate as currency. But the bank

bills in this case, had ceased to circulate as currency. They had ceased to be taken in, and re-issued as currency.

But there is another, and to my mind a conclusive reason, why the statute does not apply. This action is to enforce a trust. No remedy for this purpose exists at common law. But here, it is given by the Legislature. Where the bill-holder, in this case, to go into equity, to enforce this trust, will it be pretended that the legal bar to plaintiff's claim could be interposed? Certainly not. Could the assignee of the bank, who has been put in possession of the effects of the bank to release those bills, shield himself, under the statute, from the performance of his trust? No one will seriously contend for this; and if he could not in equity, and the creditor has availed himself of a common law form, as he had a right to do, under the authority conferred upon him by the Legislature, shall he thereby be deprived of a right which could not be taken from him in equity? In other words, shall he be barred at law, when he would not be in equity? I think not.

There are other considerations which might be suggested by way of reply to the plea of the statute. But being satisfied with this, I shall forbear to adduce them, at least for the present.