A11A0651. FLANIGAN et al. v. RBC BANK (USA) (INC.)
(711 SE2d 63)

McFADDEN, Judge.

George P. Flanigan and Pine Road Property, LLC (collectively, "Flanigan") appeal from the trial court's order granting summary judgment to RBC Bank. The record shows, however, that Flanigan was not aggrieved by the ruling at issue. Accordingly, we must dismiss this appeal.

The underlying facts are complex. In 2006, Stonemill Church f/k/a the Sugarloaf Community Church ("Stonemill") obtained a $10 million construction loan from Peachtree Bank to construct a church facility. In conjunction with the loan, Stonemill executed a promissory note and gave Peachtree Bank a security interest in the property.

Later that year, the Hamilton Mill Baptist Church sold Stonemill a separate 17-acre tract of land (the "Hamilton Mill property") for approximately $200,000. Peachtree Bank allowed Stonemill to draw down its construction loan by $200,000 to fund the transaction. In exchange, Stonemill pledged the Hamilton Mill property as additional collateral for the construction loan. The parties executed a modified loan agreement providing that if Stonemill was not in default and paid Peachtree Bank approximately $192,000, the Hamilton Mill property would be released from the security agreement.

In April 2008, RBC acquired all of Peachtree Bank's right, title, and interest in the Stonemill construction loan and security agreement. Around this same time, Flanigan became interested in purchasing the Hamilton Mill property, and he offered to buy the tract for $2,800,000 in August 2008. The sale, however, was contingent on

Stonemill's ability to convey clear title. Stonemill asked RBC to release its security interest in the Hamilton Mill property, but the bank refused, and the transaction did not close.

On February 23, 2009, Stonemill and Flanigan entered into another, restructured agreement in an effort to consummate the sale, which once again depended upon release of the RBC lien. The parties closed the sale in escrow pending resolution of the RBC dispute. By that time, however, the bank had declared Stonemill in default of the construction loan, and it began foreclosure proceedings on all property securing the loan, including the Hamilton Mill tract.

Stonemill sued RBC in May 2009 to stop the foreclosure. Citing the bank's refusal to release the lien on the Hamilton Mill property, Stonemill alleged additional claims for, among other things, breach of contract, specific performance, and tortious interference with contractual relations. Flanigan filed a separate suit one week later, also seeking to stop the foreclosure and asserting tort claims for tortious interference with contract and wrongful foreclosure.

RBC subsequently moved to dismiss both complaints. Considering the two cases together, the trial court converted the motions to dismiss into a summary judgment proceeding and granted summary judgment to RBC on all claims. Flanigan and Stonemill filed separate notices of appeal. At this point, however, the Stonemill appeal has not been docketed, and we are faced only with the Flanigan matter. Moreover, the record shows that after the trial court granted summary judgment to RBC, the parties entered into a consent order regarding the scope of any appeal. Under the order, Stonemill and Flanigan "agreed to limit the issues on appeal to those arising out of the dismissal of Counts III (Breach of Contract), VII (Specific Performance), and VIII (Attorney's Fees)." The consent order further provides that "all other claims raised, or which could have been raised, by either of the Plaintiffs, are hereby DISMISSED WITH PREJUDICE."

"A party not aggrieved by the judgment of the trial court is without legal right to except thereto, since he has no just cause of complaint." (Citations and punctuation omitted.) *Cooper Motor Lines v. B. C. Truck Lines*, 215 Ga. 195 (1) (109 SE2d 689) (1959). The trial court's summary judgment order adversely impacted Flanigan's claims by granting summary judgment to RBC. Following that ruling, however, Flanigan not only agreed to forgo any appeal relating to those claims, he consented to their dismissal. Only Stonemill's claims for breach of contract, specific performance, and attorney fees remain for purposes of appeal.

Flanigan has not shown — or even argued — that he joined in these contract-based claims or has standing to raise them on appeal. Under these circumstances, we must conclude that Flanigan was not

aggrieved by the portion of the trial court's order now before us. The fact that Flanigan may have a tangential interest in Stonemill's contract claims does not confer standing or a right to appeal. See *Nat. Council of Jewish Women v. Cobb County*, 247 Ga. 198, 199 (275 SE2d 315) (1981). Accordingly, Flanigan's appeal must be dismissed. See *Cooper Motor Lines*, supra at 195 (2); *Wallace v. Scott*, 164 Ga. App. 129, 130 (1) (296 SE2d 423) (1982).

*Appeal dismissed. Phipps, P. J., and Andrews, J., concur.*

DECIDED MAY 5, 2011.

*Wasson, Sours & Harris, David R. James*, for appellants.
*Stites & Harbison, J. D. Humphries III*, for appellee.

