Melton, Justice.
This case requires a determination of whether conventional actions for quiet title, see OCGA § 23-3-40 et seq., where the State of Georgia asserts an interest in the property at issue, are barred by the doctrine of sovereign immunity. For the reasons set forth below, we find that they are barred and affirm the ruling of the trial court. We further find, however, that in rem actions for quiet title, see OCGA § 23-3-60 et seq., are not barred by sovereign immunity.
The underlying facts of this case are not in dispute. TDGA, LLC acquired a certain piece of property from another entity that had purchased the property at a tax sale. Afterwards, TDGAfollowed the non-judicial process of foreclosing any right of redemption to the property in accordance with OCGA §§ 48-4-45 and 48-4-46. TDGA provided notice of the foreclosure of redemption rights to all interested parties in the property, including the Georgia Department of Revenue and the Georgia Department of Labor (Departments), each of which held recorded tax liens against the property. Following the completion of this procedure, which the Departments do not contest, *511 TDGA filed the current quiet title action pursuant to OCGA § 23-3-40, conventional quia timet, again naming all parties with any recorded interest in the underlying property. TDGA took this action to obtain a ruling that all redemption rights had been properly foreclosed, which, in turn, TDGA would use to show that it held marketable title for title insurance purposes.[1] After being served with the quiet title action, the Departments, which have not released their respective liens, filed a joint motion to dismiss, arguing that the suit was barred by sovereign immunity. In its ruling, the trial court determined that, although TDGA had properly foreclosed the right of redemption of all parties, including those of the Departments, the suit was nonetheless barred by sovereign immunity pursuant to Ga. Dept. of Nat. Resources v. Center for a Sustainable Coast, 294 Ga. 593 (2) (755 SE2d 184) (2014) (sovereign immunity is a bar to injunctive relief). Sustainable Coast does require this result in the context of a conventional quiet title action in which the State must be named as a party and the action may be brought against the State.
First, some settled law must be set forth. The Georgia Constitution states:
Except as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.
Ga. Const. Art. I, Sec. II, Par. IX (e). Sovereign immunity is immunity “from suit,” involving “actions or claims against the state and its departments, agencies, officers, and employees.” Ga. Const. Art. I, Sec. II, Par. IX (a). “ ‘In construing a constitutional provision, the ordinary signification shall be applied to words.’ ” (Citation omitted.) Blum v. Schrader, 281 Ga. 238, 239 (1) (637 SE2d 396) (2006). Furthermore,
this Court must honor the plain and unambiguous meaning of a constitutional provision. Our duty is to construe and apply the Constitution as it is now written. Where the *512 natural and reasonable meaning of a constitutional provision is clear and capable of a natural and reasonable construction, courts are not authorized either to read into or read out that which would add to or change its meaning.
(Citations and punctuation omitted.) Id. at 239-240 (2). Therefore, in the greatest general sense, the State and its agencies are immune from suit unless the legislature specifically states otherwise. Neither the statutory provisions regarding foreclosure of the right of redemption nor conventional quiet title actions contain an explicit waiver of sovereign immunity. For this reason, the State and its agencies are immune from suit under OCGA § 23-3-40.
This does not mean, however, that there is no mechanism for quieting title against all potential claimants, including the State. OCGA § 23-3-60 provides such a mechanism. A quiet title action under this statute is in rem. It is not, in fact or effect, an action against the State or any other person or entity. It is an action against the underlying property, itself, and its purpose is to remove any and all clouds on the title of that property.[2] In an “action in rem,” “the named defendant is real or personal property.” Black’s Law Dictionary (10th ed. 2014). Any person who claims an interest in thatproperty/defendant must affirmatively assert that claim against the property/defendant in the quiet title action. So, by its very nature, an in rem quiet title action is not subject to sovereign immunity because it does not involve a claim against the State, though the State may certainly make a claim to the property in question during the pendency of the quiet title action.
Although we do not base our conclusion in this case on Eleventh Amendment principles, precedent in that area of law supplies a persuasive theoretical underpinning for this result. In Tanner v. Brasher, 254 Ga. 41, 42 (1) (326 SE2d 218) (1985), we considered the *513 Eleventh Amendment[3] analysis set forth in United States v. Lee, 106 U. S. 196 (1 SCt 240, 27 LE 171) (1882). Based on Lee, we wholly rejected the contention that “[sovereign immunity [enables] state officials to prove the state’s ownership of land simply by saying that the state owns the land.” Tanner, supra, 254 Ga. at 43 (1). We further explained:
To hold otherwise would throw the constitutional doctrine of sovereign immunity in conflict with the constitutional provision for separation of powers. 1983 Const, of Ga., Art. I, Sec. II, Par. III. This court held in Dougherty v. Bethune, 7 Ga. 90, 92 (1849), “Whether the facts upon which rights depend, are true or false, is an inquiry for the Courts to make, under legal forms; it belongs to the judicial department of the Government. By the Constitution the legislative, [executive,] and judicial departments are distinct.” As the legislature was denied the power to legislate the truth of facts in Dougherty, here we must deny the executive branch the power to conclusively establish facts by pleading them.
Id. at 43-44 (1).
This, of course, makes fundamental sense. For purposes of clearing title to any piece of property, it is necessary to include a full consideration of the State’s rights, if any, because “title to all lands originates from . . . the state[,]” OCGA § 44-5-1, and “[a]ll realty in this state is held under the state as the original owner thereof.” OCGA § 44-5-2. But the State cannot assert title to otherwise privately-held land simply by issuing an edict or imposing a lien that cannot be effectively challenged and impairs the marketability of the property. In rem quiet title actions, in which the property is the only defendant and sovereign immunity is not applicable, prevent this problem.[4]
Therefore, for all of the reasons set forth above, we find that sovereign immunity does bar a conventional quiet title action against the State, OCGA § 23-3-40, but sovereign immunity is not applicable to an in rem quiet title action against all the world. See OCGA § 23-3-60.

Judgment affirmed.

All the Justices concur.

 Although OCGA § 48-4-45 provides that tax lienholders who receive proper statutory notice are divested of any interest in the property following the expiration of the redemption period, it appears that title insurance companies require the completion of a successful quiet title action to consider title truly marketable and insurable.

 OCGA § 23-3-61 provides:
Any person, which term shall include a corporation, partnership, or other association, who claims an estate of freehold present or future or any estate for years of which at least five years are unexpired, including persons holding lands under tax deeds, in any land in this state, whether in the actual and peaceable possession thereof or not and whether the land is vacant or not, may bring a proceeding in rem against all the world to establish his title to the land and to determine all adverse claims thereto or to remove any particular cloud or clouds upon his title to the land, including an equity of redemption, which proceeding may he against all persons known or unknown who claim or might claim adversely to him, whether or not the petition discloses any known or possible claimants.
(Emphasis supplied.)

 The Eleventh Amendment provides that the “Judicial power of the United States shall not be construed to extend to any suit... commenced or prosecuted against one of the... States” by citizens of another State. U. S. Const., Amend. 11.

 Other forms of in rem actions are not in issue here, and we do not reach the application of sovereign immunity to them in this opinion.