**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 30, 2018**

# In the Court of Appeals of Georgia

A18A0915. BOWEN v. LAIRD.                                    DO-033

DOYLE, Presiding Judge.

This appeal arises from a quiet title action filed by E. Cody Laird, Jr., in October 2007 with regard to a property deeded to him by Thomas C. Bowen in September 1998. After the quiet title declaration was made, a jury trial was held on attorney fees under OCGA § 13-6-11 at the conclusion of which the jury found no bad faith, but awarded Laird $78,266 in attorney fees for unnecessary trouble and expense. Bowen appeals from the trial court's denial of his motion for a directed verdict, his motion for judgment notwithstanding the verdict ("JNOV"), and the jury

verdict, arguing that the trial court erred by denying his motions for a directed verdict and for JNOV on the issue of attorney fees.[1] For the reasons that follow, we reverse.

"On appeal from the denial of a motion for a directed verdict or for [JNOV], we construe the evidence in the light most favorable to the party opposing the motion, and the standard of review is whether there is any evidence to support the jury's verdict."[2]

The record shows that in October 1998, as part of a land deal in which Bowen purchased a large tract from Laird, Bowen conveyed an 8.45-acre parcel to Laird that adjoined Laird's other property ("Laird property"). In February 2000, Bowen unintentionally conveyed the same 8.45 acre tract along with more than 3,000 additional acres ("HCC property") to The Highlands at Clear Creek, LLC ("HCC"),[3] and the HCC property was then subdivided and conveyed as various lots to other buyers between 2000 and 2005, including four that overlapped the Laird property.

---

[1] Bowen also argues that the trial court erred by finding in 2014 that Bowen was liable for attorney fees under OCGA § 13-6-11 as a matter of law and by failing to give a particular jury charge, but we need not address these enumerations of error based on our holding herein.

[2] (Punctuation omitted.) *Park v. Nichols*, 307 Ga. App. 841, 845 (706 SE2d 698) (2011).

[3] Bowen was a member of this LLC.

In January 2007, Laird had discovered through his property tax bill, that his property was listed as a total of 57 rather than 65 acres, leading him to inquire into the issue and discover the second conveyance of the 8.45 acres by Bowen to HCC. Laird contacted Bowen about the issue, and Bowen agreed to "take care of it," discussing the issue with HCC members and attorneys. In February 2007, Laird's attorney filed an affidavit in support of title cross-referencing the duplicate conveyance in the property records for all the affected lots. Although Bowen no longer had a claim to title in any of the affected properties, his attorney investigated the issue and determined that the initial title search on the 3,000 plus acres failed to discover the 1998 conveyance, leading to the inclusion of the 8.45-acre tract in the subsequent transactions; Bowen's attorney attempted to resolve the issue by swapping out remaining HCC lots, assuming security interests, and using other means of remedying the situation.

Dissatisfied with Bowen's attorney's efforts, Laird filed the instant quiet title petition in October 2007, hoping to remove the alleged cloud on his title, although he denied having been prevented from selling his property based on the later conveyance

or that the existence of the later deeds were causing him immediate injury.[4] Laird later amended his petition to include claims against Bowen and other adverse parties for attorney fees and costs pursuant to OCGA §§ 9-15-14 and 13-6-11, arguing that they had been stubbornly litigious, acted in bad faith, and caused Laird unnecessary trouble and expense.

In August 2008, after obtaining extensions of time to attempt to work on solutions to the later conveyances, Bowen answered the petition, admitting that he had no claim on the property, that he erroneously had included Laird's property in a later conveyance to HCC, and that he had no claim to that property at the time of the later conveyance (to the extent that it corresponded with a particular survey); Bowen, however, disputed that Laird was entitled to attorney fees.

HCC, the buyers of the four affected HCC lots, and three banks holding security deeds to three of those lots,[5] answered the petition asserting various defenses, and cross-claims were filed among the defendants. Laird moved for summary

---

[4] See OCGA § 23-3-60 et seq. Laird also filed a lis pendens notice. At the time Laird filed suit, none of the HCC buyers had improved the four lots at issue.

[5] During the pendency of the case, the Federal Deposit and Insurance Corporation took receivership of two of the three banks that filed answers to Laird's petition.

judgment as to the issue of title, but he did not assert any argument in support of his request for fees under OCGA §§ 9-15-14 and 13-6-11; the defendants opposed the motion, asking for a report by a special master as required pursuant to OCGA § 23-3-66. On January 27, 2010, a special master issued a report,[6] concluding that Laird held fee simple title in the property and that the subsequently recorded deed related to the second conveyance by Bowen to HCC, the subdivision by HCC, and subsequent conveyances by HCC to other parties and related security interests were clouds on Laird's title and should be removed. On May 5, 2010, the trial court entered a decree quieting Laird's title as recommended by the special master, but the decree preserved for later resolution "[a]ll other claims between the parties, including but not limited to claims for attorney[] fees and cross-claims between the Defendants . . . ." Throughout the pendency of the case, the defendants repeatedly claimed that Laird could not collect attorney fees pursuant to a quiet title petition and argued that his claims for attorney fees should be stricken from the petition.

---

[6] Although a special master was appointed by the trial court in November 2007, the original appointee did not prepare a report, and after requests by Bowen and other defendants for a special master report (and eventually a motion for replacement from Laird) he was replaced in August 2009.

Nearly seven years later, the issue of attorney fees under OCGA § 13-6-11 was tried by a jury against Bowen only. During the trial, Bowen moved for a directed verdict, which the trial court denied, and the jury thereafter found no bad faith on the part of Bowen but awarded Laird $78,266 in attorney fees for "unnecessary trouble and expense."[7] Bowen filed a motion for JNOV, which the trial court denied. Bowen now appeals, and we reverse.

Bowen argues in several enumerations of error that the trial court erred by denying his motion for a directed verdict or JNOV as to the jury's fee award under OCGA § 13-6-11. We agree.

> A quiet title action under [OCGA § 23-3-60 et seq.] is in rem. It is not, in fact or effect, an action against . . . any other person or entity. It is an action against the underlying property . . . itself, and its purpose is to remove any and all clouds on the title of that property. In an action in rem, the named defendant is real or personal property. Any person who claims an interest in that property/defendant must affirmatively assert that claim against the property/defendant in the quiet title action.[8]

---

[7] The issue of stubborn litigiousness was not pursued by Laird.

[8] (Footnote and punctuation omitted.) *TDGA, LLC v. CBIRA, LLC*, 298 Ga. 510, 512 (783 SE2d 107) (2016). See also *Simmons v. Community Renewal & Redemption*, 286 Ga. 6, 8 (2) (685 SE2d 75) (2009) ("In a quiet title action, a plaintiff must recover on the strength of his own title or not at all.") (punctuation omitted).

With regard to a quia timet against all the world proceeding pursuant to OCGA

§ 23-3-60 et seq., there also is no statutory right to fees, and generally speaking, they

are not awarded.[9] Nevertheless,

> OCGA § 13-6-11 authorizes litigation expenses [if] the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. . . . The statutory bad faith must have arisen out of the transaction on which the cause of action is predicated rather than defendant's conduct in defending the case. Bad faith other than mere refusal to pay a just debt may authorize the jury to award attorney fees, provided it is not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. . . . As to whether the defendant was stubbornly litigious or caused the plaintiff unnecessary trouble and expense, mere refusal to pay a disputed claim, without suit is not sufficient to award attorney fees. The key to the test is whether there is a bona fide controversy. [If] none exists, forcing a plaintiff to resort to the courts in order to collect is plainly causing him to go to unnecessary trouble and expense.[10]

---

[9] See *Walker v. Walker*, 266 Ga. 414 (1) (467 SE2d 583) (1996)."As a general rule, an award of attorney fees and expenses of litigation are not available to the prevailing party unless authorized by statute or contract." *Cary v. Guiragossian*, 270 Ga. 192, 195 (4) (508 SE2d 403) (1998). We note that under OCGA § 23-3-68, a trial court is authorized to tax fees related to the special master in its discretion, but this issue is not before us. See *Simmons*, 286 Ga. at 9 (4).

[10] (Citations and punctuation omitted.) *Associated Software Consultants Org. v. Wysocki*, 177 Ga. App. 135, 136 (1) (338 SE2d 679) (1985).

In this case, the jury found no bad faith in the underlying land transaction between Bowen and Laird, and thus, we turn to the issue of "unnecessary trouble and expense." "'[C]ausing the plaintiff unnecessary trouble and expense' refer[s] to a defendant's forcing of the plaintiff to sue where no 'bona fide controversy' exists. The Supreme Court has described this on a number of occasions as a 'wanton or excessive indulgence in litigation.'"[11] While the existence of these factors normally is for a jury to decide, if there is no evidence to support such findings, then, as a matter of law, attorney fees are not authorized.[12]

Here, due to the duplicate conveyances, there was a bona fide controversy as to the title of the 8.45-acre parcel.[13] Thus, it was necessary for Laird to file the quiet

---

[11] (Citation omitted.) *Jeff Goolsby Homes Corp. v. Smith*, 168 Ga. App. 218, 221 (2) (308 SE2d 564) (1983).

[12] See id. at 221-222 (2).

[13] Because this fee award was not based on OCGA § 9-15-14, it cannot be sustained based on dilatory conduct during litigation. See *O'Connor v. Bielski*, 288 Ga. 81, 83-84 n.3 (701 SE2d 856) (2010); *Stone v. King*, 196 Ga. App. 251, 253 (3) (396 SE2d 45) (1990) ("OCGA § 13-6-11 . . . permits an award of attorney fees [if] the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, [and it] has been held to apply to conduct arising from the transaction underlying the cause of action in litigation. Conversely, OCGA § 9-15-14 . . . authorizes the recovery of attorney fee expenses incurred in responding to certain claims, defenses, or litigation tactics, [and it] has been interpreted to govern conduct occurring during the litigation.") (citations and

8

title petition in order to protect his full interest in the property. Bowen had no claim to title in the Laird property at that point in time, and he appropriately filed an answer admitting as much in response to the petition. A petition to quiet title must be brought by one who has claim to title,[14] and because Bowen had no claim to title to the Laird property, it was necessary for Laird to bring the petition. Presumably, the jury's verdict was premised on the notion that Bowen's later conveyance to HCC caused this issue,[15] and therefore, Bowen should pay Laird's fees; however, the mere fact that

_____

punctuation omitted).

[14] See *TDGA, LLC*, 298 Ga. at 512.

[15] We note that Laird's brief on appeal does not rely on Bowen's conduct in the transaction, but argues that the jury verdict was supported by evidence of Bowen's attorney's alleged dilatory conduct in failing to take efforts to resolve the litigation for Laird. First, as we previously noted, any conduct that occurred during litigation cannot support an award under OCGA § 13-6-11. See *Stone*, 196 Ga. App. at 253 (3). Second, claims against an individual's attorney's conduct should be brought pursuant to OCGA § 51-7-81. Finally, as explained above, a quiet title petition is not an adversary proceeding brought against an individual for actionable behavior such as a claim of breach of warranty or fraud (claims which Laird did not pursue against Bowen), but rather, a legal proceeding to clear title, which Bowen did not fight or stonewall. To the extent that Bowen could have "taken care" of the issue, it is unclear specifically what he could have done if he did not receive cooperation from the other defendants.

9

a defendant's action has caused an issue which later requires litigation to correct does not in and of itself provide a basis for the award of attorney fees.[16]

> It may be assumed that every lawsuit causes the plaintiff some trouble and expense, but this is not what the statute has in mind. One of the provisions of the [B]ill of [R]ights contained in the [C]onstitution of this State declares that "No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both." This is a privilege granted to the defendant as well as the plaintiff. Where there is a bona fide controversy for the tribunals to settle, and the parties can not adjust it amicably, there should be no burdening of one with the counsel fees of the other, unless there has been wanton or excessive indulgence in litigation.[17]

*Judgment reversed. Dillard, C. J., and Mercier, J., concur.*

---

[16] Cf. *Cary*, 270 Ga. at 195-196 (5) ("unless the defendant was guilty of deceit or fraud in the sale of the property, or acted in bad faith as respects the existence of an incumbrance on the property when [he] sold it, the plaintiff can not, in a suit to recover damages for a breach of the warranty, recover attorney's fees for prosecuting the action") (punctuation omitted); *Pone v. Barbre*, 57 Ga. App. 684, 691 (196 SE 287) (1938) (physical precedent only). See also *Smith*, 168 Ga. App. at 222 (2) (explaining that simply because the defendant "may have appeared to be stubbornly litigious due to his personal involvement and lack of lawyerly skills does not defeat the fact that defendant was able to demonstrate that the defendants' position had some merit, though not enough to win a verdict. Because a bona fide dispute existed and defendants had a reasonable defense at trial, they should not have been burdened with plaintiffs' attorney fees").

[17] (Citations and punctuation omitted.) *West v. Haas*, 191 Ga. 569, 575 (13 SE2d 376) (1941).