# Court of Appeals
# of the State of Georgia

ATLANTA,  August 06, 2021

*The Court of Appeals hereby passes the following order:*

## A21A1650. MICHAEL JON KELL v. WILMINGTON TRUST, N. A. et al.

Appellee Wilmington Trust, N. A.'s predecessor in interest filed this quiet title action in 2012 against appellant Michael Jon Kell[1] to establish the validity and priority of a security deed given by Kell to secure a residential mortgage loan. Kell filed an answer claiming that the property belonged not to him personally, but to certain church entities—Most Ancient Church of the Rose and Cross (North American Diocese), Limited; Most Ancient Church of the Rose and Cross (unincorporated); and First Meliorite Church Charitable Limited Partnership—for which he was a pastor. Based on the very limited record that Kell has designated for appeal , it appears that the quiet title petition was amended to add the Most Ancient Church of the Rose and Cross entities as defendants. It further appears that appellee JPMorgan Chase Bank, N. A. later entered the lawsuit as a defendant/counterclaim plaintiff.

Kell, who is not an attorney, filed three motions to dismiss the petition on behalf of himself and "as lawful self-representative of the aggrieved churches," as well as a motion for declaratory judgment solely in his own name. All four motions asserted that the quiet title petition was procedurally deficient. Wilmington Trust moved to strike these motions, along with other filings by Kell. In orders entered in June and August 2013, the trial court granted the motions to strike as to the church entities, finding that Kell could not represent them and any pleadings or motions he

---

[1] Eteri Yarovsky was also named originally as a defendant, but it appears that the claims against him were later dropped.

purported to file on their behalf were legal nullities.[2] Kell sought interlocutory review of the August 2013 order, but we denied his application. See Case No. A14I0044 (Nov. 19, 2013).

The trial court referred the case to a special master, who issued a report resolving the parties' interests in the property. In relevant part, the special master determined that Most Ancient Church of the Rose and Cross had an equitable interest in the property, subordinate to JPMorgan Chase, Wilmington Trust, and a third creditor; and that no other person or entity held any interest in the property. The special master noted that Kell had disavowed any ownership interest and the church entities were in default, as Kell's purported filings on their behalf were legal nullities. Kell then filed a "Motion for Land Title Hearing Trial with a Jury," asking the court to remove the special master, void his report, and schedule another hearing before a jury. However, in June 2016, the trial court entered a final order and decree adopting the special master's report in full. Nothing in the limited appellate record suggests that Kell or the church entities appealed that ruling.

In November 2018—nearly two and one-half years after entry of the final decree—Kell filed a "Motion for Final Order as to Outstanding Motions with or without an Oral Hearing." Although Kell did not designate this motion for inclusion in the appellate record, it appears that he sought rulings on his five motions filed before entry of the trial court's final decree—the three motions to dismiss, the motion for declaratory judgment, and the motion for a jury trial—as well as one motion filed after entry of the decree, titled "Judicial Notice of Failure to Disqualify under OCGA § 9-6-20 and Demand for a New Trial with New Judge." The trial court denied Kell's motion for a final order, ruling that his motion for a new trial was untimely and the

---

[2] JPMorgan Chase filed a separate declaratory judgment action against Kell and the church entities, resulting in the entry of a default judgment against the defendants. Kell attempted to appeal on behalf of himself and the church entities, but we dismissed the appeal because "it s[ought] review of an order that did not affect Kell himself, and Kell is not authorized to represent the [church entities]." See Case No. A17A2022 (July 27, 2017).

five pre-decree motions were "deemed denied" because they addressed "either the sufficiency of the pleadings or the merits of the claims"—issues implicitly resolved by the final decree. Kell then filed this appeal on behalf of himself. JPMorgan Chase and Wilmington Trust have filed motions to dismiss the appeal. Upon review, we agree that the appeal must be dismissed for lack of jurisdiction.

With regard to the denial of Kell's motion for a new trial, he has not followed the proper procedure to obtain appellate review. Because this motion apparently was filed nearly a year after entry of the final decree, it was in substance an extraordinary motion for new trial, the denial of which may be appealed only by discretionary application. See OCGA §§ 5-5-40 (a) ("[a]ll motions for new trial, except in extraordinary cases, shall be made within 30 days of the entry of the judgment") and 5-6-35 (a) (7); *Balkcom v. State*, 227 Ga. App. 327 (489 SE2d 129) (1997).

With regard to the pre-decree motions, Kell lacks standing to challenge their disposition. Because Kell has disavowed an interest in the property, the trial court's orders concerning the property do not affect him personally, and he has no right of appeal here. See *Flanigan v. RBC Bank (USA)*, 309 Ga. App. 499, 500 (711 SE2d 63) (2011) ("A party not aggrieved by the judgment of the trial court is without legal right to except thereto, since he has no just cause of complaint.") (citation and punctuation omitted).

Even if Kell did have standing to appeal, this appeal is untimely. Although his motion for a final ruling referred to his pre-decree motions as "outstanding," they were not. In June and August 2013, the trial court entered orders striking those motions to the extent they were filed on behalf of the church entities. And to the extent they were filed on behalf of Kell personally, the court implicitly denied them by entering a final decree resolving the merits of the quiet title petition. Although counterclaims apparently remained pending, the trial court certified the decree as a final judgment under OCGA § 9-11-54 (b). That certification triggered OCGA § 5-6-38 (a)'s 30-day period for filing an appeal. See *Adams v. Moffatt*, 204 Ga. App. 314, 316 (1) (419 SE2d 318) (1992) ("If the trial court does certify that the judgment is final and ripe for review under OCGA § 9-11-54 (b), the time for appeal begins to

run[.]") (citation and punctuation omitted); see also *Agard v. PRP Property Mgmt.*, 354 Ga. App. 710, 711 (1) (840 SE2d 466) (2020) ("If an appellant fails to file a notice of appeal within 30 days of such an order, the right to review the order is lost.") (citation and punctuation omitted). Kell's failure to file a notice of appeal within 30 days of the decree deprives us of jurisdiction to consider this appeal. See *Smith v. McTaggart*, 343 Ga. App. 144, 145 (806 SE2d 229) (2017) ("The proper and timely filing of the notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court.") (citation and punctuation omitted).

Finally, we note that even if we did have jurisdiction to consider this appeal, it presents nothing to review. Kell failed to designate for inclusion in the appellate record the motion leading to the order he wishes us to review, i.e., his motion for a final ruling on outstanding motions. He also failed to include one of those allegedly outstanding motions—the motion for a new trial—as well as other critical documents from the record below. Under these circumstances, we cannot review Kell's claims of error. See *Cuyler v. Capital One Bank (USA), N. A.*, 304 Ga. App. 687, 689 (4) (698 SE2d 14) (2010) (because appellate record did not include copies of motions at issue on appeal, "there is nothing for this Court to review"); *Redford v. Collier Heights Apartments*, 298 Ga. App. 116, 117 (679 SE2d 120) (2009) ("[A]ppellants who omit portions of the record which they view as not pertaining to any issue on appeal create a probably fatal defect in their appeals. Such omissions from the appellate record . . . generally prove fatal to appellate review[.]") (citation and punctuation omitted).

For these reasons, the motions to dismiss filed by JPMorgan Chase and Wilmington Trust are GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,   08/06/2021*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen         , Clerk.*