# Court of Appeals
# of the State of Georgia

ATLANTA,  January 30, 2024

*The Court of Appeals hereby passes the following order:*

## A23A1466. JAMES FRANK MYERS, III v. ECOFLO HOLDING, LLC.

This appeal began as a quiet title action filed by ECOFLO Holding, LLC, seeking to be declared owner in fee simple of a small tract of land with a 325 foot rail spur. The trial court granted the petition, and James Frank Myers, III appeals. Myers, however, lacks standing to appeal.

The relevant facts appear undisputed. The parties are landowners in an industrial park that was serviced by a rail line and rail spurs, including one particular 325-foot rail spur. In 2005, ECOFLO's predecessor in interest purchased the 0.42 acres upon which the rail spur was located from Georgia Department of Transportation (GDOT) and obtained a quitclaim deed. The business then extended its fence line to encompass the rail spur, which gave the business more room for truck movement, parking, and storage.

ECOFLO subsequently discovered that no deed had been filed conveying the land from the rail company – CSX's predecessor in interest – to GDOT.  ECOFLO thus filed a quiet title action against all the world pursuant to OCGA § 23-3-60. To the extent there was a flaw in the chain of title to the rail spur, ECOFLO asserted they had acquired title to the land through adverse possession.

The trial court appointed a special master, who ordered that the action be served on CSX and all other landowners in the industrial complex. The only party to respond was James Frank Myers, III who owns neighboring property. At the hearing before the special master, Myers expressly stated that he claimed no ownership interest or easement in the disputed tract. But Myers seemed to suggest that rail

service into the industrial park would make his property more valuable.[1]«**T5. 8-9**»

After receiving the special master's report, the trial court entered a final order vesting in ECOFLO "fee simple title to the real property subject to this Quiet Title proceeding[.]" In its order, the trial court noted Myers's testimony "that he does not have an ownership interest in the subject property[,]" and that Myers's property in the industrial park "does not share a boundary line with [subject] the property[.]" Myers appeals this ruling. Based upon the record, however, Myers lacks standing to appeal.

Standing is a threshold jurisdictional issue, which an appellate court is duty-bound to consider. See *New Cingular Wireless PCS, LLC v. Georgia Dept. of Revenue*, 303 Ga. 468, 470 (1) (813 SE2d 388) (2018). This case commenced as a quiet title action against all the world, which is an in rem action. See *Bowen v. Laird*, 348 Ga. App. 1, 3 (821 SE2d 105) (2018). "In an action in rem, the named defendant is real or personal property. Any person who claims an interest in that property/defendant must affirmatively assert that claim against the property/defendant in the quiet title action." Id. (citation and punctuation omitted). A fundamental premise of standing is that a party must be aggrieved by a ruling in order to appeal. See *Walker v. Hartford Acc. & Indem. Co.*, 196 Ga. 361, 364 (26 SE2d 695) (1943).

> [A] party is aggrieved by a judgment or decree when it operates on his rights of property, or bears directly upon his interest. When a plaintiff in error brings a case here, he must show error which has hurt him. [An appellate] court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party.

Id. (citation and punctuation omitted).

Here, Myers asserts no claim to the property below. Thus, he has not shown

---

[1] The record shows that there are active rail lines that service the industrial park.

that he has been aggrieved by the trial court's ruling. The fact that Myers may have had a tangential interest in the property at issue does not confer standing to appeal. See *Flanigan v. RBC Bank (USA) (Inc.)*, 309 Ga. App. 499, 501 (711 SE2d 63) (2011). For these reasons, this appeal is hereby DISMISSED. See id.



*Court of Appeals of the State of Georgia*
*C l e r k ' s     O f f i c e ,*
*Atlanta,*  01/30/2024

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*