S07A0525. PERDUE et al. v. LAKE et al.
(647 SE2d 6)

MELTON, Justice.

Sonny Perdue, in his capacity as Governor, and the State Election Board ("Appellants") appeal the trial court's determination that the 2006 Photo ID Act ("2006 Act") violates Art. II, Sec. I, Pars. II and III of the Georgia Constitution by requiring in-person voters to present a photo ID verifying their identity. Because the sole remaining plaintiff in this case, Rosalind L. Lake,[1] lacks standing to challenge the constitutionality of the 2006 Act, we reverse.

1. In deciding this matter, we must determine whether the trial court had the appropriate jurisdiction over the underlying case to reach the conclusions that it did. Specifically, we must determine whether Lake had standing to pursue her claims. "The only prerequisite to attacking the constitutionality of a statute is a showing that it is hurtful to the attacker." (Citation and punctuation omitted.) *Agan v. State,* 272 Ga. 540, 542 (1) (533 SE2d 60) (2000). As a general rule, "standing must be determined at the time at which the plaintiff's complaint is filed" in order to place an actual case or controversy within the purview of the court. See, e.g., *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F3d 1263, 1272 (11th Cir. 2003); *Ga. Power Co. v. Allied Chem. Corp.*, 233 Ga. 558 (212 SE2d 628) (1975). In other words, the plaintiff must be able to show that he or she has been harmed at the time that the complaint is filed alleging a constitutional violation.

2. With these principles in mind, Lake's status as a viable plaintiff must be examined as of July 3, 2006, the date that she filed her complaint seeking a declaratory judgment that the 2006 Act was unconstitutional to the extent that it placed an improper burden on her right to vote by requiring her to obtain one of six types of photo identification set forth in OCGA § 21-2-417 (a).

---

[1] Although Matthew L. Hess was originally named as a plaintiff, he voluntarily dismissed his claims after obtaining a state-issued photo ID which would qualify him to vote under the 2006 Act.

(a) It is undisputed that, on July 3, 2006, Lake, who had moved from Florida to Georgia, qualified as a first-time voter at the polls in this state in accordance with OCGA § 21-2-417 (c), which provides, in relevant part:

> An elector who registered to vote by mail, but did not comply with subsection (c) of Code Section 21-2-220, and who votes for the first time in this state shall present to the poll workers either one of the forms of identification listed in subsection (a) of this Code section *or a copy of a current utility bill, bank statement, government check, paycheck, or other document that shows the name and address of such elector.*

(Emphasis supplied.) Therefore, at the time that she filed her complaint, Lake could have voted in person under the 2006 Act without the need to show a photo ID, and Lake has made no contention that she did not have any of the forms of non-photo identification allowed to be shown by first-time voters. As a result, Lake was qualified to vote in person under the 2006 Act at the time that she filed her complaint, and she suffered no harm from the 2006 Act. Accordingly, and as the trial court acknowledged, as a first-time voter who was qualified to vote at the time she filed her complaint, Lake lacked standing to challenge the constitutionality of the 2006 Act. See *Agan*, supra.

Lake nonetheless contends that the trial court properly found that she acquired standing by considering the complaint to be amended by the fact that, on July 18, 2006, her status as a first-time voter changed because she was allowed to vote in person by affidavit. In other words, Lake argues that actions taken by her after the filing of the complaint created standing. This argument must fail. As stated previously, a plaintiff must have standing on the date that his or her action is filed. Subsequent amendments of a complaint which seek to confer standing based on events occurring after the initial complaint was filed cannot cure this jurisdictional defect. Because the original complaint was filed without standing and the trial court had no jurisdiction over that complaint, there is simply no viable document to amend.

(b) Moreover, under the facts of this case, Lake also lacked standing because, as of July 3, 2006, she did have a form of photo ID acceptable under the 2006 Act. OCGA § 21-2-417 (a) (2) indicates that proper photo identification includes a

> valid Georgia voter identification card issued under Code Section 21-2-417.1 or other valid identification card issued

by a branch, department, agency, or entity of the State of Georgia, any other state, or the United States authorized by law to issue personal identification, provided that such identification card contains a photograph of the elector.

It is undisputed that, in order to be allowed to use paratransit services offered by MARTA pursuant to the Americans with Disabilities Act (ADA), Lake applied for, received, and currently retains a MARTA/ADA photo ID card containing her picture, name, and address. As Lake conceded at trial, MARTA is an entity of the State of Georgia, and it issued the photo ID as part of a procedure to comply with the regulations set forth in the ADA. This ADA paratransit photo ID, therefore, would qualify as a "valid identification card issued by [an] entity of the State of Georgia . . . authorized by law to issue personal identification." OCGA § 21-2-417 (a) (2). Because Lake possesses a photo ID acceptable for in-person voting under the 2006 Act, once again, she lacks standing to challenge the Act as an unconstitutional restriction on her right to vote.

(c) Accordingly, due to Lake's lack of standing, the trial court's determination that the 2006 Act is unconstitutional must be vacated, and this case must be remanded with the direction that it be dismissed.

*Judgment vacated and case remanded with direction. Sears, C. J., Benham, Carley, Thompson and Hines, JJ., and Judge Debra Bernes concur. Hunstein, P. J., not participating.*

DECIDED JUNE 11, 2007 —
RECONSIDERATION DENIED JULY 27, 2007.

*Thurbert E. Baker, Attorney General, Stefan E. Ritter, Senior Assistant Attorney General, Troutman Sanders, Mark H. Cohen, Strickland, Brockington & Lewis, Anne W. Lewis*, for appellants.

*Roy E. Barnes, Jennifer A. Jordan, Parks & Chesin, A. Lee Parks*, for appellees.

*Bondurant, Mixson & Elmore, Emmet J. Bondurant, David G. Brackett, Jason J. Carter*, amici curiae.