A08A1535. THE PHOENIX ON PEACHTREE CONDOMINIUM
ASSOCIATION, INC. v. THE PHOENIX ON PEACHTREE,
LLC et al.
(669 SE2d 229)

SMITH, Presiding Judge.

The Phoenix on Peachtree Condominium Association, Inc. ("the Association") appeals from the trial court's order granting summary judgment in favor of The Phoenix on Peachtree, LLC, RBC Centura Bank, Eagle Bancshares, Inc., Eagle Real Estate Advisors, Inc. (collectively "defendants") and Jebco Ventures, Inc.[1] The Association claims the trial court erred by: (1) considering the affidavits of Stephen Draper; (2) denying its motion to compel and for additional time to respond; (3) granting summary judgment to the defendants based upon its conclusion that the Association lacked standing; (4) denying its motion to substitute real parties in interest; and (5) granting summary judgment to a defendant (Jebco Ventures, Inc.) that did not properly join in the pending summary judgment motion of other defendants. Because the trial court failed to give the Association an opportunity to substitute the real parties in interest, we vacate its order and remand this case for further proceedings.

The record shows that on May 15, 2006, the Association filed a complaint against numerous defendants alleging deficiencies and defects in the construction of the common areas of The Phoenix on Peachtree Condominium. On May 24, 2006, the Association served

---

[1] Before the trial court's ruling, the Association dismissed two additional defendants: Batson-Cook Company and Gary B. Coursey & Associates Architects, Inc.

interrogatories and requests to produce on all of the defendants in this appeal. Each of these defendants received one interrogatory and one request to produce seeking information relating to defenses asserted by the defendants in their answers.

In each of the defendants' answers filed in June and July of 2006, they asserted that the Association lacked standing to bring the claims asserted in its complaint and that the Association's complaint was "barred by the absence of necessary and indispensable parties." In July 2006, all of the defendants, except Jebco Ventures, Inc.,[2] filed written objections to the discovery requests in which they asserted that they should not be required to respond to the discovery requests until the trial court determined whether the Association had standing to assert the claims in its complaint.

In August 2006, the Association's counsel sent a letter to defense counsel[3] requesting a substantive response to his client's discovery requests. In this letter, the Association's counsel acknowledged that he understood that the objection "with regard to 'capacity and standing' is that the Association is precluded by the condominium declaration from asserting the claims set forth in the complaint." He then asserted that the defendants' "argument . . . is contrary to the express authority granted to the Association by OCGA § 44-3-106 (h)" and urged them to comply with their "discovery obligations." On November 3, 2006, the Association filed a motion to compel discovery responses.

On December 19, 2006, the defendants amended their answers to include the following statement:

> The Association has no right to assert the claims in this action by virtue of (1) the declaration of condominium for The Phoenix on Peachtree Condominium, as filed and recorded on July 12, 2001 in the office of the clerk, Fulton County Superior Court, and (2) the purchase agreements that the unit owners entered into when they purchased their legal interests in The Phoenix on Peachtree Condominium, which documents are attached here as Exhibits 1 and 2.

The defendants also submitted an affidavit from a senior credit officer with RBC Centura Bank, Stephen Draper, as Exhibit 3 to the amended answer. The next day, the defendants filed a motion for

---

[2] According to a brief filed by the Association, Jebco Ventures, Inc. "served responses which appear to be in good faith."

[3] One law firm represented all of the defendants in this appeal, except Jebco Ventures, Inc.

judgment on the pleadings, or in the alternative, for summary judgment in their favor based upon the Association's lack of capacity to bring the suit against them.

On January 19, 2007, new counsel for the Association filed a motion for additional time to respond to the defendants' motion for judgment on the pleadings based upon his recent entry into the case, as well as the defendants' refusal to respond to discovery. Out of "an abundance of caution," however, the Association also filed an opposition to the defendants' motion for summary judgment. In its opposition, the Association asserted summary judgment was inappropriate based upon an amendment of the condominium declaration, the defendants' failure to file certified copies of the original condominium declaration and purchase agreement, and the fact that it was not a party to the purchase agreement. The Association attached to its opposition an uncertified copy of a September 21, 2006 amendment to the condominium declaration that deleted the provision precluding suits by the Association.

Three days before the scheduled hearing on the outstanding motions, the defendants filed a supplemental affidavit from Draper providing a more detailed foundation for consideration of the purchase agreement, as well as a certified copy of the condominium declaration.

In a February 12, 2007 hearing, the trial court ruled that it would consider only the issue of the Association's standing in the hearing. The Association's counsel agreed in the hearing that the issue of standing "doesn't need discovery" and that he was "happy to be heard on that [issue] very quickly." At the conclusion of the hearing, the trial court granted Jebco Ventures, Inc.'s request to join the other defendants' pending motion to dismiss based upon the Association's lack of standing. The Association did not object to this request. The trial court reserved its ruling on the issue of standing and gave the Association seven additional days to file a post-hearing brief.

On February 19, 2007, the Association filed an affidavit from the Association's president, Steven Marshall. In his affidavit, Marshall explained that the Association amended the bylaws, pursuant to a two-thirds vote of the unit owners, to delete the provision prohibiting the Association from filing a lawsuit on the unit owners' behalf. Marshall also averred to the authenticity of a copy of the amendment attached to his affidavit. On the same date, the Association filed a post-hearing brief in which it objected to Jebco Ventures, Inc.'s verbal motion to join the pending motion of other defendants, objected to the untimely affidavit of Draper, and moved to add the unit owners as party plaintiffs in the event the trial court concluded that the Association lacked standing.

On February 8, 2008, the trial court issued an order granting summary judgment to the defendants on all counts and finding that all other pending motions were rendered moot. The trial court's order did not explain its reasoning, but did note that it had reviewed "the motions, briefs, *and the full record*." (Emphasis supplied.)

1. Before considering the merits of the standing issue before us, we must first consider whether the trial court properly considered all of the evidence before it. The Association contends that the trial court should not have considered Draper's first affidavit, because it lacked a sufficient evidentiary foundation demonstrating Draper's personal knowledge. It contends Draper's second affidavit should not have been considered because the affidavit was not served with the motion, but instead was filed three days before the hearing.

We find that the trial court properly considered all of the evidence before it. The second affidavit corrected the evidentiary shortcomings of the first affidavit, and the trial court had discretion to consider a late-filed affidavit. *Leagan v. Levine*, 158 Ga. App. 293, 294-295 (1) (279 SE2d 741) (1981).

2. We find no merit in the Association's claim that the trial court erred by denying its motion to compel discovery. Counsel agreed in the motion hearing that no discovery was needed for the trial court to determine the standing issue and that he was prepared to address the issue. Any error, therefore, was induced, and the Association cannot now complain on appeal. *Flowers v. Union Carbide Corp.*, 271 Ga. App. 438, 443 (3) (b) (610 SE2d 109) (2005).

3. We also find no merit in the Association's claim that error resulted from the trial court's alleged denial of its motion for additional time to respond because the record shows that the trial court provided the Association with additional time to respond in a post-hearing brief.

4. The Association contends that it has standing to pursue the claims against the defendants based upon the amendment to the declaration removing the prohibition against it filing lawsuits for damages arising out of defects in the condominium. We disagree. "[S]tanding must be determined at the time at which plaintiff's complaint is filed." (Citations and punctuation omitted.) *Perdue v. Lake*, 282 Ga. 348 (1) (647 SE2d 6) (2007); *Mikell v. Certain Underwriters at Lloyds*, 288 Ga. App. 430, 431, n. 1 (654 SE2d 227) (2007). It cannot be "based on events occurring after the initial complaint was filed." *Perdue*, supra at 349 (2) (a).

5. The Association contends, in the alternative, that we should refuse to apply the prohibition in the original condominium declaration to its claims for fraud, misrepresentation, and breach of fiduciary duty. We disagree.

The original condominium declaration provided:

All owners hereby acknowledge and agree that the Association shall not be entitled to institute any legal action against anyone on behalf of any or all of the owners which is based on any alleged defect in any unit or the common elements, or any damage allegedly sustained by any owner by reason thereof, but rather, that all such actions shall be instituted by the person(s) owning such units or served by such common elements or allegedly sustained such damage.

All of the claims asserted in the Association's complaint seek damages based upon defects in the condominium and fall within the scope of this prohibition. As a result, the Association lacks standing to assert these claims. See *Piedmont Arbors Condo. Assn. v. BPI Constr. Co.*, 197 Ga. App. 141, 142 (397 SE2d 611) (1990) (virtually identical provision in condominium declaration prohibited condominium association's claims for breach of warranty, fraud, and breach of fiduciary duty).

6. The Association correctly asserts that the trial court erred by granting summary judgment[4] in favor of the defendants before considering its motion to substitute the individual condominium unit owners. Pursuant to OCGA § 9-11-17 (a), a trial court should consider whether a real party in interest can be joined before dismissing an action. See *Tri-County Investment Group v. Southern States*, 231 Ga. App. 632, 636 (2) (500 SE2d 22) (1998); *Henry v. Moister*, 155 Ga. App. 462, 463 (1) (271 SE2d 40) (1980). In this case, the trial court failed to give the Association a reasonable time to substitute the real parties in interest. As a result, we vacate the trial court's order and remand this case to the trial court for consideration of the Association's motion to substitute.

7. The Association's claim with regard to the inclusion of Jebco Ventures, Inc. in the trial court's summary judgment order is rendered moot by our holding in Division 6.

*Judgment vacated and case remanded with direction. Mikell and Adams, JJ., concur.*

---

[4] While the trial court stated it was granting summary judgment in favor of the defendants, it should be treated as the grant of a motion to dismiss even if it considered matters outside the pleadings. See OCGA § 9-11-43 (b); *Warshaw Properties v. Lackey*, 170 Ga. App. 101, 102 (316 SE2d 482) (1984) (discussing distinction between motion to dismiss and summary judgment in context of real party in interest objection). The reason for such treatment is that a real party in interest objection "does not go to the merits of an action, but rather is a matter in abatement for which summary judgment is inappropriate." *Tri-County Investment Group v. Southern States*, 231 Ga. App. 632, 636 (2) (500 SE2d 22) (1998).

DECIDED NOVEMBER 7, 2008.

*Johnson & Ward, Stanley E. Kreimer, Jr.,* for appellant.
*Parks, Chesin & Walbert, David F. Walbert, Scoggins & Good-man, David L. Rusnak,* for appellee.