**FIFTH DIVISION
MCFADDEN, P. J.,
BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 31, 2017**

# In the Court of Appeals of Georgia

A17A1256, A17A1402. ROGERS v. DEUTSCHE BANK NATIONAL TRUST COMPANY et al.

MCFADDEN, Presiding Judge.

These related appeals arise from a trial court order denying a motion to vacate an order substituting a new plaintiff and granting summary judgment to the new plaintiff, and another order requiring the defendant to post a supersedeas bond as a condition for the stay of enforcement of the summary judgment order. The trial court made an error of law and failed to exercise its discretion in substituting a new plaintiff, so that order must be vacated. We therefore reverse the denial of the motion to vacate that substitution order and remand the case with direction that the trial court apply the correct law and exercise its discretion in determining whether to substitute a new plaintiff. Because the denial of the motion to vacate that preliminary order

substituting a new plaintiff is reversed, the subsequent orders granting summary judgment in favor of the substituted plaintiff and requiring the defendant to post a supersedeas bond must be vacated.

1. *Facts and procedural posture.*

On May 31, 2011, Ameriquest Mortgage Company filed a complaint against Rickie Rogers seeking reformation of a security deed. The complaint alleged that in 2005, Rogers had executed a promissory note and a security deed in favor of Ameriquest as to certain real property; that Rogers had defaulted under the note; that by mutual mistake of the parties a power of sale provision was omitted from the security deed; and that the security deed needed to be reformed to include the omitted power of sale provision in order to allow Ameriquest to conduct a non-judicial foreclosure sale of the property. Rogers answered the complaint, asserting, amongst other things, that there had been no mutual mistake and that the action should be dismissed because Ameriquest had no standing and was not the proper party to bring the action. On April 16, 2012, Ameriquest filed a motion for summary judgment. On May 9, 2012, Rogers responded to the motion, requesting in the introductory paragraph and in the prayer for relief that a hearing be held on the motion.

Over three years later, on August 20, 2015, Ameriquest filed an amended complaint for reformation and a motion to substitute Deutsche Bank National Trust Company as the plaintiff. In the motion to substitute, Ameriquest stated that it had no interest in the security deed because it had assigned its interest to Deutsche Bank on January 20, 2009, more than two years before it filed its complaint, and thus Deutsche Bank retained "all beneficiary interest in the [d]eed as well as the [corresponding] promissory note[.]" On August 31, 2015, before Rogers had responded to the motion, the trial court granted the motion to substitute, ordering that Deutsche Bank be substituted as the plaintiff in place of Ameriquest pursuant to OCGA § 9-11-25. On September 24, 2015, Rogers filed his answer to the amended complaint and his response to the motion to substitute. On May 23, 2016, Deutsche Bank filed an amended motion for summary judgment.

On June 10, 2016, the court held a hearing to address the issues of whether it had improperly granted the motion to substitute before the expiration of time for a response and whether Rogers' response to the motion was untimely. During the hearing, the trial judge learned that the original motion for summary judgment had been pending since 2012 and that an amended motion for summary had also been filed. At the conclusion of the hearing, the judge asked the attorneys for both sides

if they wanted a hearing on the summary judgment motions. Counsel for Deutsche Bank said that he did not want a hearing, while counsel for Rogers stated that they did want a hearing and had "requested that throughout the process." Four days later, on June 14, 2016, Rogers filed a motion to vacate the August 2015 order substituting Deutsche Bank as the plaintiff.

Approximately six months after that, on December 28, 2016, the trial court filed an order summarily denying Rogers' motion to vacate and granting Deutsche Bank's motion for summary judgment. Rogers filed a notice of appeal from that order. Approximately three weeks later, on motion by Deutsche Bank, the trial court ordered Rogers to post a supersedeas "bond with good security as a condition for the stay of enforcement of [the] order granting summary judgment against him on December [28], 2016." Rogers filed a separate appeal from that order. See *Northside Bank v. Mountainbrook of Bartow County Homeowners Assn.*, 338 Ga. App. 126, 133 (4) (a) (789 SE2d 378) (2016) (trial court may rule on motion for supersedeas bond even if filed after the notice of appeal has been filed); *Rapps v. Cooke*, 234 Ga. App. 131 (505 SE2d 566) (1998) (involving separate appeal from order requiring supersedeas bond). In Case No. A17A1256, Rogers challenges the denial of his

4

motion to vacate and the grant of summary judgment to Deutsche Bank; and in Case No. A17A1402, he challenges the order requiring him to post a supersedeas bond.

*Case No. A17A1256*

2. *Motion to vacate order substituting plaintiff.*

(a) Time lines of motion to vacate.

At the outset, we note that Deutsche Bank argues that the trial court had no power to vacate its August 2015 order substituting Deutsche Bank as the plaintiff because Rogers' motion to vacate was filed beyond the term of court in which the substitution order was rendered. But, Deutsche Bank is relying on law pertaining to final judgments, not interlocutory orders such as the substitution order in this case, so that reliance is misplaced. "While final judgments may not be modified after the term in which they were rendered, an interlocutory ruling does not pass from the control of the court at the end of the term if the cause remains pending. Such rulings are subject to revision at any time before final judgment unless the court issues an order upon express direction under OCGA § 9-11-54 (b)." *Lott v. Arrington & Hollowell*, 258 Ga. App. 51, 56 (3) (572 SE2d 664) (2002) (citations and punctuation omitted). Accord *Moon v. State*, 287 Ga. 304 (696 SE2d 55) (2010) (in civil cases, an interlocutory ruling does not pass from the control of the court at end of the term

while the case is still pending). The substitution order here was not issued upon express direction; therefore, contrary to Deutsche Bank's claim, the trial court was authorized to vacate the order at any time before final judgment.

(b) Merits of motion to vacate.

In that August 2015 order granting Ameriquest's motion to substitute Deutsche Bank as the plaintiff, the trial court based its ruling exclusively on OCGA § 9-11-25. Indeed, as averred by Ameriquest in its motion to substitute, that code section allows for such a substitution upon the transfer of an interest: "In case of any transfer of interest, the action may be continued by or against the original party unless the court, upon motion, directs the person to whom the interest is transferred to be substituted in the action[.]" OCGA § 9-11-25 (c). But, that code section, "providing for a substitution of the transferee of interest in the action, applies only where the transfer is made . . . *during the course of* the litigation." *Employers' Liability Assurance Corp. v. Keelin*, 132 Ga. App. 459, 462-463 (2) (208 SE2d 328) (1974) (emphasis in original). "OCGA § 9-11-25 (c) contemplates a transfer of interest, *during the litigation*, from one who is a party to the case to one who is not." *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 189 Ga. App. 573, 575 (3) (a) (377 SE2d 15) (1988) (citation and punctuation omitted; emphasis supplied).

6

Here, the alleged transfer of Ameriquest's interest in the security deed to Deutsche Bank did not occur during the course of the instant litigation, which began with the filing of the complaint in 2011. Rather, the alleged transfer of the interest in the security deed occurred some two years earlier in 2009. Thus, contrary to the ruling of the trial court, OCGA § 9-11-25 does not apply to this case.

Instead, in this situation, where the transfer of an interest takes place prior to the commencement of an action, OCGA § 9-11-17 (a) controls. It requires that the action be prosecuted in the name of the real party in interest. See *Employers' Liability*, supra (discussing Georgia statutes and analogous federal provisions). See also *Smith v. 6595 RR Corp.*, 269 Ga. App. 651, 652 (605 SE2d 58) (2004) (where plaintiff assigned contract rights before filing lawsuit, OCGA § 9-11-17 (a) applied to determine real party in interest); accord *Allman v. Hope*, 200 Ga. App. 137, 138-139 (1) (407 SE2d 107) (1991) (vacating judgment for plaintiff and remanding case for trial court to apply OCGA § 9-11-17 (a) where plaintiff's interest in contract rights had been transferred).

While OCGA § 9-11-17 (a) mandates that "[e]very action shall be prosecuted in the name of the real party in interest[,]" it further provides that

> [n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

This provision is consistent with OCGA § 9-11-21, which states: "Misjoinder of parties is not grounds for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

In order to add or drop parties, "the trial court must exercise its discretion in determining the change of status of parties." *Foskey v. Vidalia City School*, 258 Ga. App. 298, 303 (c) (574 SE2d 367) (2002) (citations omitted). Accord *Smith v. Vencare, Inc.*, 238 Ga. App. 621, 629 (3) (a) (519 SE2d 735) (1999) ("trial court must exercise its sound discretion in allowing the addition of parties"). See also *Hodgskin v. Markatron*, 185 Ga. App. 750, 752 (3) (365 SE2d 750) (1988) (trial court correctly exercised its discretion in denying motion to substitute party based on alleged assignment of interest); *Fleming v. Caras*, 170 Ga. App. 579, 580 (2) (317 SE2d 600) (1984) (trial court correctly exercised its discretion in considering whether action on promissory notes had been brought by real party in interest as required by OCGA §

8

9-11-17 (a)). In exercising such discretion, "[a]mong the factors that the trial court must consider in allowing such amendment adding a new party for another party is the prejudice to the [parties] and the reasons and justifications for failure to include these parties in the original suit." *Smith v. Vencare*, supra (citation omitted). See also *Franklyn Gesner Fine Paintings v. Ketcham*, 252 Ga. 537, 539 (314 SE2d 903) (1984) (defendant was not misled or deceived by substitution of party plaintiff, whether that "change be considered a 'substitution' under OCGA § 9-11-17 or an 'addition or deletion' under OCGA § 9-11-21").

In the instant case, because the trial court erroneously based its order substituting Deutsche Bank as the plaintiff solely on OCGA § 9-11-25 and summarily denied the motion to vacate that order, it does not appear that the trial court properly exercised its discretion under OCGA §§ 9-11-17 and 9-11-21 to determine whether such a change in the status of the parties was appropriate.

> If the appellate court is unable to ascertain whether the lower court has exercised its discretion, the appropriate course for the appellate court is not to perform a de novo review of the evidence in the guise of a harmless error analysis, but instead is to vacate the judgment and remand the case to the lower court for further proceedings consistent with its statutory duty.

9

*Padilla v. Melendez*, 228 Ga. App. 460, 463 (2) (491 SE2d 905) (1997) (citation and punctuation omitted). Accordingly, the trial court's denial of the motion to vacate the August 2015 order substituting Deutsche Bank as the plaintiff must be reversed and the case remanded with direction that the trial court vacate the substitution order and then exercise its discretion under the applicable law to determine whether Deutsche Bank may be substituted as the plaintiff. See *Allman*, supra.

3. *Summary judgment.*

Given the ruling above reversing the denial of the motion to vacate the order substituting Deutsche Bank as the plaintiff, the trial court's summary judgment ruling in favor of Deutsche Bank must also be vacated. See generally *Town & Country Dodge v. World Omni Financial Corp.*, 261 Ga. App. 503, 505 (1) (583 SE2d 182) (2003) (vacating summary judgment ruling in favor of plaintiff who was not the real party in interest). On remand, after the trial court has properly exercised its discretion to determine whether Deutsche Bank may be substituted as the plaintiff, any of the parties may move for summary judgment if they so desire. In that regard, we note that

> [p]ursuant to Uniform Superior Court Rule 6.3, oral argument on a motion for summary judgment shall be permitted upon written request made in a separate pleading bearing the caption of the case and entitled "Request for Oral Hearing," provided that such pleading is filed with the motion for summary judgment or filed not later than five (5) days after

10

the time for response. Under this rule, whether oral argument is heard is within the power of the parties, and is not left to the discretion of the trial court. All a party need do is make a written request for oral argument and it shall be held.

*Southern Empire Homes v. Ognio Grading, Inc.*, 277 Ga. App. 215, 215-216 (626 SE2d 173) (2006) (citations and punctuation omitted). See also *Grot v. Capital One Bank (USA), N. A.*, 317 Ga. App. 786, 792 (5) (732 SE2d 305) (2012) (request for oral argument must be in a separate and distinct pleading, not in the response to the motion for summary judgment).

*Case No. A17A1402*

4. *Supersedeas bond.*

As recounted above, on motion by Deutsche Bank, the trial court ordered Rogers to post a supersedeas bond as a condition of the stay of enforcement of the order granting summary judgment in favor of Deutsche Bank. Since that summary judgment ruling has been vacated, the trial court's supersedeas bond order premised on that ruling must also be vacated.

*Judgment reversed in part, vacated in part, and case remanded with direction in Case No. A17A1256. Judgment vacated in Case No. A17A1402. Branch and Bethel, JJ., concur.*