**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**February 23, 2022**

# In the Court of Appeals of Georgia

A21A1271. OLDHAM et al. v. LANDRUM, III et al.

MERCIER, Judge.

Larry Oldham and his wife Lynn Oldham ("the Oldhams"), and Larry Oldham as assignee of Thomas C. Bowen (collectively, "the plaintiffs"), appeal from two orders of the trial court: an order dismissing their abusive litigation complaint, and an order ruling that their motion to add a party plaintiff is moot. For the following reasons, we vacate both orders and remand this case for further proceedings.

This case stems from an action to quiet title. See *Bowen v. Laird*, 348 Ga. App. 1 (821 SE2d 105) (2018). Bowen conveyed certain real property to E. Cody Laird Jr. in 1998 and unintentionally conveyed the same property to another party in 2000. Id. at 1-2. When the duplicate conveyances were discovered, Laird filed an action to quiet title that included claims against Bowen and other parties for attorney fees and

costs pursuant to OCGA §§ 9-15-14 and 13-6-11. *Bowen*, supra at 2. Larry Oldham represented Bowen in the action. In 2010, the trial court entered a decree quieting Laird's title to the subject property as recommended by a special master. Id. at 3. However, Laird's claim against Bowen for attorney fees went to trial,[1] and a jury awarded Laird $78,266 in attorney fees for "unnecessary trouble and expense" pursuant to OCGA § 13-6-11. Id. Bowen appealed, and this Court reversed, finding that due to the duplicate conveyances, there was a bona fide controversy as to title to the property, and that therefore Laird could not recover attorney fees under OCGA § 13-6-11 for unnecessary trouble and expense.[2] Id. at 3-6.

One year following this Court's opinion in *Bowen*, the plaintiffs filed a "Verified Complaint for Abusive Litigation" naming as defendants Laird, Laird's lawyers in the quiet title action (Phillip Friduss and Phillip Landrum, III), and the lawyers' respective law firms (Hall, Booth & Smith, P.C., and Landrum and

---

[1] During the pendency of the attorney fee claim, Larry Oldham, as Bowen's counsel, sent Laird's attorneys notice that "Bowen and/or his assigns intend to assert a claim of abusive litigation" against them and Laird.

[2] We found that Bowen had no claim to title and appropriately filed an answer admitting he had no claim in response to the petition to quiet title, and we concluded: "the mere fact that a defendant's action has caused an issue which later requires litigation to correct does not in and of itself provide a basis for the award of attorney fees." *Bowen*, supra at 5 (footnote omitted).

Landrum).[3] Larry Oldham asserted the claim in his individual capacity and as the assignee of Bowen pursuant to an "Assignment, Assumption and Indemnity Agreement" entered into during the quiet title litigation, whereby Bowen assigned to him the right to pursue an abusive litigation claim against the defendants.

In their complaint, the plaintiffs asserted that because of the actions of the defendants in pursuing attorney fees against Bowen in the quiet title action, Larry Oldham lost a lucrative professional relationship with Bowen, expended hundreds of hours of legal time without any compensation, endured personal attacks by Laird's attorneys, and was exposed to a judgment of more than $78,000.00 which he would have been bound to pay pursuant to the "Assignment, Assumption and Indemnity Agreement." They alleged that Lynn Oldham "had to endure the long wait and doubts that come along with protracted litigation" and "suffered some harm that manifested itself physically, including elevated blood pressure and feelings of panic and stress that diminished her enjoyment of what formerly was a relatively care-free existence." And, the plaintiffs claimed that the defendants' pursuit of attorney fees impacted

---

[3] The plaintiffs also asserted claims for "intentional interference with contracts and attorney/client relations" and intentional or negligent infliction of emotional distress in their complaint. However, they later withdrew these claims.

3

Bowen's "financial well-being and psyche." The plaintiffs asserted that they and Bowen suffered injury to their "peace, happiness, or feelings."

The defendants moved to dismiss the complaint on the following grounds: the Oldhams lacked standing; Bowen could not assign an abusive litigation claim to Larry Oldham; the plaintiffs did not properly notify them of the action pursuant to the abusive litigation statute; and the plaintiffs failed to allege that the defendants acted with malice and without substantial justification. The defendants also asserted that two statutory defenses defeat the plaintiffs' complaint - they acted in good faith in the underlying litigation and they were substantially successful as a matter of law.

In response to the defendants' motion to dismiss, on January 22, 2021, the plaintiffs filed a motion to add Bowen to the action as a party plaintiff, asserting that Larry Oldham had "entered into a Conditional Reassignment of Claims with Bowen, assigning back to Bowen the portion of any claims for abusive litigation that may be determined by the Court not to be assignable." The plaintiffs also filed an amended complaint on January 22 purporting to add Bowen to the action and incorporating their prior verified allegations. They asserted that if the abusive litigation claim was not assignable, "it is now being pursued by Bowen[.]"

4

Following oral argument, on February 1, 2021, the trial court granted the defendants' motion to dismiss, concluding that the Oldhams lacked standing to bring an abusive litigation claim because they were not parties to the underlying quiet title action; Bowen could not assign the abusive litigation claim to Larry Oldham; the plaintiffs failed to provide notice to the defendants of the claim as required by OCGA § 51-7-84; the plaintiffs did not allege that the defendants acted with malice and without substantial justification; and the defendants acted in good faith and were substantially successful in the underlying action. See OCGA § 51-7-82 (b) and (c). The court's order of dismissal did not address the plaintiffs' motion to add Bowen as a party. However, on February 10, 2021, the trial court entered a second order ruling that the motion to add Bowen to the action was moot. The plaintiffs now appeal from these orders.

1. The plaintiffs argue that the trial court erred in dismissing their complaint. We review the trial court's grant of a motion to dismiss de novo. *Stewart v. Johnson*, 358 Ga. App. 813, 818 (4) (856 SE2d 401) (2021).

> A motion to dismiss for failure to state a claim should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the

5

> claimant could not possibly introduce evidence within the framework of
> the complaint sufficient to warrant a grant of the relief sought.

Id. (citation and punctuation omitted).

(a) The plaintiffs challenge the trial court's ruling that the Oldhams have no standing to bring this abusive litigation action. OCGA § 51-7-81 provides that "[a]ny person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation if such person acts: (1) [w]ith malice; and (2) [w]ithout substantial justification." And OCGA § 51-7-84 (a) provides that the notice requirement for an abusive litigation action gives the persons against whom an abusive litigation claim is contemplated an opportunity to withdraw or dismiss the underlying civil claim or proceeding.

The plaintiffs argue that no authority limits an abusive litigation claim solely to persons who are parties to the litigation. As a statutory tort, abusive litigation is in derogation of the common law and must be strictly construed. *Owens v. Generali*, 224 Ga. App. 290, 292 (1) (480 SE2d 863) (1997). The plain language of OCGA § 51-7-81 provides that a person who takes part in initiating, continuing, or procuring an abusive civil action against another "shall be liable for abusive litigation." While the statute does not specify *to whom* such person is liable, the only reasonable

6

interpretation is that the person is liable to the party against whom the abusive litigation was intiated or continued. See generally *Cox v. Barber*, 275 Ga. 415, 416 (1) (568 SE2d 487) (2002) ("[t]he words of a statute should be given a reasonable and sensible interpretation"). Thus, OCGA § 51-7-81 provides a right of action for anyone who has had an abusive civil proceeding initiated, continued, or procured against them. See, e.g., *Corey v. Clear Channel Outdoor*, 299 Ga. App. 487, 491 (1) (b) (683 SE2d 27) (2009) (if a company sues a party without any basis, that party's remedy would be an action for abusive litigation) (physical precedent only).

The plaintiffs argue that there are factual situations where a non-party could be harmed by abusive litigation. Under the plaintiffs' interpretation, *any* person claiming to be harmed as a result of abusive litigation between other parties could bring an action under OCGA § 51-7-81. Such an interpretation does not narrowly construe the statutory language. A right of action under the statute is not established by the harm suffered, but by the initiation, continuation or procurement of a civil action with malice and without substantial justification. While there is some authority allowing a claim for abusive litigtion to be brought *against* a non-party who takes an active part in the continuation of an allegedly abusive civil proceeding, see, e.g., *Talbert v. Allstate Ins. Co.*, 200 Ga. App. 312, 313 (1) (408 SE2d 125) (1991), there

is no authority allowing a non-party to a civil proceeding to *assert* an abusive litigation claim.[4]

Because the complaint does not allege that the defendants initiated, continued, or procured civil proceedings against *the Oldhams*, the Oldhams are not within the class of persons authorized to bring a claim under OCGA § 51-7-81 and have therefore failed to state a claim for abusive litigation. See *Fortson v. Hotard*, 299 Ga. App. 800, 803 (2) (c) (684 SE2d 18) (2009) (complaint failed to state a claim for abusive litigation where plaintiff did not allege that defendant took an active part in the initiation or continuation of civil proceedings against plaintiff).

(b) The plaintiffs assert that the trial court erred in concluding that Bowen could not assign his abusive litigation claim to Larry Oldham. As explained above, abusive litigation is a statutory tort that provides a right of action for a party against whom a civil proceeding is filed with malice and without substantial justification. And the statutory scheme requires "the person injured by" such act to give notice as

---

[4] The plaintiffs' reliance on *Hyer v. Citizens & Southern Nat. Bank*, 188 Ga. App. 452, 454-455 (2) (373 SE2d 391) (1988), is misplaced. That case was decided before the enactment of OCGA § 51-7-80 et seq., and involved whether *a third-party defendant* can sustain an action for abusive litigation against a claimant/plaintiff for asserting an alleged "abusive" derivative action. Here, the Oldhams were not defendants in the underlying quiet title action.

a condition precedent to bringing a claim. OCGA § 51-7-84 (a). Abusive litigation is therefore properly characterized as a personal tort. See *Villanueva v. First American Title Ins. Co.*, 313 Ga. App. 164, 168 (2) (721 SE2d 150) (2011) ("'Personal torts' are torts involving an injury to the person, to the reputation, or to feelings, as distinguished from an injury or damage to real or personal property, which is a property tort.") (physical precedent only). Indeed, the plaintiffs' action seeks damages for injuries to relationships, psyche, peace, happiness, and feelings. However, a right of action for a personal tort cannot be assigned. See OCGA § 44-12-24 ("[a] right of action is assignable if it involves, directly or indirectly, a right of property. A right of action for personal torts, for legal malpractice, or for injuries arising from fraud to the assignor may not be assigned"). Larry Oldham, therefore, cannot maintain this action as Bowen's assignee because the assignment was void. See, e.g., *Sharp v. Fagan*, 215 Ga. App. 44, 45-46 (3) (449 SE2d 648) (1994) (purported assignment of a right of action for a personal tort is void).

2. We agree with the plaintiffs, however, that the trial court improperly dismissed as moot their motion to add Bowen as a party-plaintiff. Noting that it had already found that the abusive litigation claim lacked substantive merit, the trial court ruled that because the "exact claims Mr. Bowen would be pursuing have been ruled

9

on and dismissed in the February 1, 2021" order, the request to add Bowen as a party plaintiff was moot. But the Oldhams were not the proper parties to bring the abusive litigation claim, and the assignment of the claim to Larry Oldham was void, leaving no parties in interest to maintain the action.[5] However, the Oldhams attempted to add the real party in interest – Bowen. And "when an action is not prosecuted by the real party in interest, the trial court should not dismiss the action until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." *Gingold v. Allen*, 272 Ga. App. 653, 656 (613 SE2d 173) (2005) (citing OCGA § 9-11-17 (a)). Before entering a ruling on the motion to dismiss, the court should have exercised its discretion to determine whether Bowen (the real party in interest) should be added as a party plaintiff. See OCGA § 9-11-21 ("[p]arties may be dropped or added by order of the court on motion of any party"); *Seay v. Valdosta Kidney Clinic*, 353 Ga. App. 378, 380 (1) (837 SE2d 529) (2020) ("A trial court exercises its discretion in deciding whether to add a party to a lawsuit under OCGA § 9-11-21[.]"); see also *First Christ Holiness Church v. Owens Temple First Christ Holiness Church*, 282 Ga. 883, 886

---

[5] See OCGA § 9-11-17 (a) ("Every action shall be prosecuted in the name of the real party in interest.").

(655 SE2d 605) (2008) (failure to comply with OCGA §9-11-17 requirements is a matter in abatement).

The dissent, in explaining the distinction between statutory standing and constitutional standing, asserts that the trial court could reach the merits of the case in the alternative. But none of the cases cited by the dissent hold that the trial court can rule on the merits of a case before considering a motion to add/substitute the real party in interest, and we have not found any such authority.[6] Georgia law is clear that the proper procedure under the circumstances here is to rule on the motion to add the real party in interest and then, if granted, consider other pending motions. See *Phoenix on Peachtree Condo. Assn. v. Phoenix on Peachtree*, 294 Ga. App. 447, 451 (6) (669 SE2d 229) (2008) ("[A] trial court should consider whether a real party in interest can be joined before dismissing an action."). Indeed "[t]he purpose of [OCGA § 9-11-17] is to protect parties against subsequent actions by the individuals or entities that are actually entitled to recover and to ensure that judgments are given their proper res judicata effect." *First Christ Holiness Church*, supra at 885-886. Further, ruling on the merits of a case before the real party in interest has been added

---

[6] The dissent cites to authority involving the waiver of an objection that a party does not have the capacity to sue, when that error was not raised below (thereby leaving a presumed real party in interest in the case).

11

or substituted deprives *that party* of the right to assert a claim on his/her own behalf, amend the complaint if properly added, or appeal an adverse decision. And a conclusion that the trial court could address the merits here, in a case with no real party plaintiff in interest, plainly contradicts the requirement in OCGA § 9-11-17 (a) that *every* action be prosecuted in the name of the real party in interest.

As explained above, *before ruling* on the motion to dismiss, the court should have determined whether Bowen should be added as a party plaintiff. Notwithstanding whether the trial court retained subject matter jurisdiction despite the Oldhams' lack of statutory standing, the court failed to follow the proper procedure under Georgia law.[7]

---

[7] Although we would not rule upon the merits here for the reasons stated, we are not convinced by the analysis in Division 3 of the dissent. The dissent cites *Bacon v. Volvo Serv. Center*, 288 Ga. App. 399 (654 SE2d 225) (2007), an appeal from the grant of *summary judgment*, for the proposition that the trial court was authorized to conclude as a matter of law that the defendants sought attorney fees in good faith. But here, the court was considering a motion to dismiss where we must accept as true all well-pled material allegations in the complaint and resolve any doubts in favor of the Oldhams. See *Williams v. DeKalb County*, 308 Ga. 265, 270 (2) (840 SE2d 423) (2020). The complaint alleged that the defendants acted in bad faith in pursuing attorney fees because Bowen contacted all affected parties to make them aware of the problem created by his duplicate conveyances and attempted to resolve the matter without litigation. The dissent does not address whether these allegations, taken as true, would be sufficient to withstand a motion to dismiss for failure to state a claim. Id.; see also *Roberts v. DuPont Pine Products*, 352 Ga. App. 659, 662 (2) (835 SE2d 661) (2019) ("[A] motion to dismiss for failure to state a claim can properly be

12

For the reasons explained, we vacate both the order dismissing the action and the order on the plaintiffs' motion to add Bowen as a party plaintiff, and remand this case for the trial court to exercise its discretion under OCGA § 9-11-21. See, e.g, *Rogers v. Deutsche Bank Nat. Trust Co.*, 343 Ga. App. 655, 658-659 (2) (b) (808 SE2d 233) (2017) (case remanded for trial court to exercise its discretion under OCGA §§ 9-11-17 and 9-11-21; "no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for . . . joinder or substitution of, the real party in interest.").[8]

*Judgments vacated and case remanded with direction. Dillard, P. J., concurs. Pinson, J., concurs in part and dissents in part.*

_____

granted upon an affirmative defense only when the elements of the defense are admitted by the plaintiff or completely disclosed on the face of the pleadings.") (citation and punctuation omitted); OCGA § 51-7-82 (b) ("good faith" is an affirmative defense to an abusive litigation claim).

[8] In light of the above holdings and disposition, we need not address the plaintiffs' remaining enumerations of error.

A21A1271. OLDHAM et al. v. LANDRUM, III et al.

PINSON, Judge, concurring in part and dissenting in part.

I generally agree with Division 1 of the majority opinion. The Oldhams do not have a cause of action for abusive litigation because OCGA § 51-7-81 creates a private right of action only for the parties against whom abusive litigation is brought.And a claim brought under that statute is a non-assignable personal tort, so the Oldhams could not bring the action as assignees of their clients, either.

But I respectfully dissent from Division 2. The Oldhams' lack of a statutory cause of action did not deprive the trial court of the power to address the merits of the claim. The question whether a particular plaintiff has a cause of action under a statute is sometimes referred to as "statutory standing." But unlike the constitutional doctrine of standing, statutory standing does not implicate a court's power to adjudicate a case. (This is why statutory standing arguments are waivable while constitutional standing defects are not.) So, the trial court still had the power to reach the merits of the

abusive-litigation claim. And contrary to the majority's view, the trial court was not prohibited by statute from reaching the merits before considering the Oldhams' motion to substitute a proper plaintiff. Finally, because the trial court did not err in dismissing that claim on at least one merits ground—the defendants had a good faith defense—the court also properly relied on that ground for dismissal in denying as moot the Oldhams' motion to substitute Bowen as plaintiff. I would therefore affirm the decision below.

1. Start with common ground: The Oldhams do not have a right to bring a claim for abusive litigation under OCGA § 51-7-81. That statute creates a private right of action by expressly "provid[ing]" a "claim" and "exclusive remedy" for abusive litigation. OCGA § 51-7-85. But the statute gives that right of action to the *party* against whom abusive litigation is brought. The statute does this by imposing liability on anyone who brings civil proceedings "against another" with malice and without substantial justification. OCGA § 51-7-81. In common parlance, lawsuits are brought "against" *parties*, not the attorneys who represent them. See, e.g., *McArthur v. Beech Haven Baptist Church of Athens*, ___ Ga. App. ___ (864 SE2d 189) (2021) (describing a lawsuit brought "against several defendants"); *Union Carbide Corp. v. Brannan*, 360 Ga. App. 109, 109 (860 SE2d 881) (2021) (same). And it stands to

2

reason that the party "against" whom the abusive litigation was brought gets the right to bring the claim that the statute makes available to remedy the harm caused by that action. But it would be quite a stretch to extend that right to the injured party's *attorney* without any textual hook, and we have long rejected implied rights of action in Georgia. See *Somerville v. White*, 337 Ga. App. 414, 416–17 (1) (787 SE2d 350) (2016) (explaining that absent "textual support" for a private right of action, "a cause of action does not exist and courts may not create one," and citing "our longstanding precedential authority rejecting the creation of implied rights of action") (citation omitted). So I agree with both the majority and the trial court that the Oldhams—who are the attorneys of the parties against whom the alleged abusive litigation was brought—do not have a cause of action under this statute.[1]

2. From here, however, I must part ways with the majority. The majority concludes that the trial court improperly dismissed as moot the Oldhams' motion to

---

[1] I also agree with both the majority and the trial court that the Oldhams cannot bring their clients' abusive litigation claim as assignees, because abusive litigation is a personal tort that may not be assigned. See OCGA § 44-12-24 ("[a] right of action for personal torts . . . may not be assigned"); *Villanueva v. First Am. Title Ins. Co.*, 292 Ga. 630, 632 (740 SE2d 108) (2013) (collecting cases and reasoning that "personal torts" and "injuries done to the person" are "all actionable injuries to the individual himself," including injury to the body or to the reputation, in contrast to injury done to property).

add Bowen as party-plaintiff, reasoning that the trial court first "should have exercised its discretion to determine whether Bowen (the real party in interest) should be added." But I would hold that the trial court had both the authority and the discretion to reach the merits.

(a) First, despite the trial court's conclusion that the Oldhams lacked "standing" to bring their claim, the court had subject-matter jurisdiction. This is because the standing the trial court found lacking was *statutory* standing, not constitutional standing. Constitutional standing is jurisdictional. The constitutional doctrine of standing enforces the traditional limits of the "judicial power," Ga. Const. of 1983, Art. VI, Sec. I, Par. I, by ensuring that the dispute before a court is a case within the scope of that power. See *Rampersad v. The Plantation at Bay Creek Homeowners Ass'n, Inc.*, ___ Ga. App. ___ (1) (Case No. A21A1490, Decided January 21, 2022); see also *Perdue v. Lake*, 282 Ga. 348, 348 (647 SE2d 6) (2007) (standing "must be determined at the time at which the plaintiff's complaint is filed in order to place an actual case or controversy within the purview of the court") (citation and punctuation omitted). This means that if a plaintiff can't establish constitutional standing—an injury caused by the defendants and redressable by a favorable decision—then the court lacks the power to decide the merits of the claim before it. See *Sons of*

4

*Confederate Veterans v. Newton County Bd. of Comm'rs*, 360 Ga. App. 798, 803–04 (2) (861 SE2d 653) (2021). Accord *Lujan v. Defenders of Wildlife*, 504 U. S. 555, 560–61 (II) (112 SCt 2130, 119 LE2d 351) (1992). So it would have been error for the trial court to address the merits of the Oldhams' claim had they lacked standing in the constitutional sense.

But constitutional standing was not the basis for the trial court's decision that the Oldhams' claim failed.[2] Instead, the problem the trial court identified was that the Oldhams are not plaintiffs within the category of persons that the statute authorizes to bring its cause of action. *That* issue, which is sometimes called "statutory standing," *S. LNG, Inc. v. MacGinnitie*, 294 Ga. 657, 661 (2) (755 SE2d 683) (2014), does not prevent a court from adjudicating the merits of a case. The United States

---

[2] Nor is constitutional standing a problem for the Oldhams. As the majority observes, the Oldhams allege that as a result of the defendants pursuing attorney fees against Bowen in the quiet title action, Larry Oldham "lost a lucrative professional relationship with a long-term client and friend, expended hundreds of hours of legal time without any compensation in dealing with issues that he should not have had to expend, endured personal attacks on him by [Defendants] and found himself and his family exposed to a judgment of more than $78,000.00." (Lynn Oldham, for her part, suffered elevated blood pressure and feelings of panic and stress.) And they ask the court to redress that injury with a money judgment and punitive damages. Those allegations are enough to satisfy the requirements for standing: an injury caused by the defendants and redressable by a favorable decision. See *Sons of Confederate Veterans*, 360 Ga. App. at 803–04 (2).

Supreme Court, to which we often look for guidance on standing issues, *Feminist Women's Health Ctr. v. Burgess*, 282 Ga. 433, 434 (1) (651 SE2d 36) (2007), has said exactly that: whether a particular plaintiff "has a cause of action under the statute" is merely a "question of statutory interpretation" and "does not implicate subject-matter jurisdiction, i.e., the court's statutory or constitutional *power* to adjudicate the case." *Lexmark Intl., Inc. v. Static Control Components, Inc.*, 572 U. S. 118, 128 & n.4 (II) (134 SCt 1377, 188 LE2d 392) (2014) (punctuation omitted, emphasis in original). The Supreme Court of Georgia has similarly held that whether a plaintiff falls within the class of persons a statute authorized to invoke a particular remedy "d[id] not affect the superior court's subject matter jurisdiction" over the plaintiff's claims. See *Lewis v. Van Anda*, 282 Ga. 763, 765 (1) (653 SE2d 708) (2007).[3] And this Court held recently that the similar question whether a party has the "capacity to sue" does

---

[3] Our Supreme Court characterized the nonjurisdictional question in *Lewis* simply as "standing," but the Court was referring to the statutory kind of standing. The question there was whether the plaintiff had a sufficient interest in the subject property to be authorized to invoke the superior court's "equitable powers to set aside various inter vivos transfers that were allegedly induced through undue influence." *Lewis*, 282 Ga. at 765 n.2. In concluding that the plaintiff had this "standing," the Court relied on *Johns v. Morgan*, 281 Ga. 51 (635 SE2d 753) (2006), which addressed the question whether the plaintiffs were "person[s] interested in the estate" authorized by OCGA § 23-2-91 to apply for equitable relief related to estates. In short, the question was whether the statute authorized those particular plaintiffs to bring suit, i.e., whether they had statutory standing.

6

not implicate subject-matter jurisdiction "because it does not concern whether the trust was entitled to have the court decide the merits of its contract claim but rather who could assert that claim on the trust's behalf." *Zahler v. Nat'l Collegiate Student Loan Tr. 2006-1*, 355 Ga. App. 458, 458–59 (1) (844 SE2d 530) (2020). Put simply, the lack of statutory standing is reason enough to reject a claim, but it does not deprive a trial court of the power to reach the merits in the alternative.

(b) The majority asserts that because the Oldhams were not the proper parties under the statute to bring the abusive litigation claim (and the assignment of the claim to Larry Oldham was void), there were "no parties in interest to maintain the action." If this is a jurisdictional argument, we have before rejected the argument that a proper-party-plaintiff problem is jurisdictional. *Fulton Cnty. Bd. of Assessors v. Calliope Prop., LLC*, 312 Ga. App. 875, 877 (1) (720 SE2d 312) (2011) (rejecting argument that proper-party-plaintiff challenge is a nonwaivable issue of subject-matter jurisdiction). Saying that the Oldhams are not a "proper party plaintiff" or "real party in interest" is just another way of saying that they are not within the class of plaintiffs whom the statute authorizes to sue. *Fulton Cnty. Bd. of Assessors*, 312 Ga. App. at 878 (1) (argument that plaintiff was not a "taxpayer" or "property owner" who could appeal a property tax assessment under OCGA § 48-5-311 was an

7

argument "whether [the plaintiff] was the real party in interest to serve as party plaintiff"). Accord 6A Fed. Prac. & Proc. Civ. § 1543 (3d ed.) (explaining that the real-party-in-interest requirement means "that the action must be brought by the person who, according to the governing substantive law, is entitled to enforce the right."). And again, such a challenge "is not to the trial court's subject matter jurisdiction." Id. Accord 6A Fed. Prac. & Proc. Civ. § 1542 (3d ed.) (distinguishing constitutional standing from real-party-in-interest objections, noting that only the former "acts as a limitation on the subject-matter jurisdiction of the federal courts").[4]

The majority also asserts that the trial court was prohibited *by statute* from reaching the merits. The majority cites OCGA § 9-11-17 (a) and associated case law for the proposition that when a case is not prosecuted by the real party in interest, the "proper procedure under Georgia law" is to determine whether the proper plaintiff can be added *before* reaching the merits. As an initial matter, the Oldhams never made this argument below or before this Court, so it is not properly before us. See

*ALR Oglethorpe, LLC v. Fidelity Natl. Title Ins. Co.*, ___ Ga. App. ___ (3) (863 SE2d

---

[4] And our Supreme Court has recognized that the lack of a proper party plaintiff is a "waivable defect," which, it goes without saying, means that it is not jurisdictional. *Lewis*, 282 Ga. at 765 (1); see also *Zahler,* 355 Ga. App. at 459 (1) ("a claim of a waivable defect is distinct from a claim of lack of subject matter jurisdiction").

8

568) (2021) (arguments not raised below or ruled on by the trial court are not properly before us on review); Court of Appeals Rule 25 (c) (2). But in any event, the plain language of OCGA § 9-11-17 (a) precludes only a dismissal "*on the ground that* it is not prosecuted in the name of the real party in interest" until the court has allowed a reasonable time for joinder or substitution of the real party in interest. Id. (emphasis added). The trial court's alternative dismissal *on the merits* avoided that bar. To be sure, the trial court could have in its discretion allowed substitution instead of reaching the merits, and that course might generally be preferable in the interest of judicial economy. See *Amica Mut. Ins. Co. v. Fleet Multi Fuel Corp.*, 178 Ga. App. 859, 860 (344 SE2d 742) (1986) (when an improper party plaintiff asserts an action, "the erring party, rather than having judgment entered against him, is now simply precluded from proceeding with the suit until the error has been corrected by the substitution of the proper party plaintiff"). But the statutory language does not limit the trial court's discretion to proceed as it did.[5]

---

[5] The cases cited by the majority are not to the contrary. None of them involves the situation we have here, where an improper party plaintiff brought an action and the trial court dismissed it *on the merits*. See *First Christ Holiness Church v. Owens Temple First Christ Holiness Church*, 282 Ga. 883, 885-86 (655 SE2d 605) (2008) (trial court's dismissal of action solely because it was brought by an improper plaintiff was properly characterized as a matter in abatement); *Seay v. Valdosta Kidney Clinic, LLC*, 353 Ga. App. 378, 380 (1) (837 SE2d 378) (2020) (trial court

9

3. Because the trial court had jurisdiction to address the merits of the Oldhams' claim, I disagree with the majority that the court necessarily erred in denying as moot the Oldhams' motion to substitute Bowen as a plaintiff. The trial court denied that motion as moot because it had concluded in the alternative that the Oldhams failed to state a claim for several reasons, and so substituting Bowen would be futile. If, as I would hold, the trial court had jurisdiction to reach those merits arguments, and if even one of them holds up, then the trial court did not abuse its discretion in denying the motion as moot, and its judgment should be affirmed.

I would affirm the judgment on that basis, because at least one of the trial court's alternative bases for dismissing the claim was sound: it properly concluded that Laird and the other defendants acted in good faith when they sought attorney fees from Bowen in the underlying litigation. Good faith is a "complete defense" to a

abused its discretion by denying motion to substitute plaintiff solely on statute of limitations grounds without considering the relation back provisions of OCGA § 9-11-15 (c)); *Rogers v. Deutsche Bank Natl. Trust Co.*, 343 Ga. App. 655, 658-59 (2) (b) (808 SE2d 233) (2017) (trial court abused its discretion by granting a motion to substitute plaintiff based on inapplicable statutory grounds); *Phoenix on Peachtree Condo. Assn. v. Phoenix on Peachtree*, 294 Ga. App. 447, 449-50, 451 (6) (669 SE2d 229) (2008) (trial court erred by granting summary judgment to defendants solely because improper plaintiffs had brought action); *Gringold v. Allen*, 272 Ga. App. 653, 654 (613 SE2d 173) (2005) (trial court erred by denying motion to substitute plaintiff and allowing improper plaintiff to proceed).

claim of abusive litigation. OCGA § 51-7-82 (b); see also OCGA § 51-7-80 (4) (defining good faith). And we have held that a trial court is "authorized to determine as a matter of law that the [plaintiff] acted in good faith in filing and pursuing [his] claims" when a plaintiff was "successful at every stage of litigation prior to appeal." *Bacon v. Volvo Serv. Ctr., Inc.*, 288 Ga. App. 399, 402 (654 SE2d 225) (2007). That is just what the trial court determined here. As the trial court recounted:

> Two judges in the underlying action decided that Bowen was liable for attorney's fees and sent the determination of the amount of fees to the jury. (Compl. ¶¶ 49, 53, 56, 60.) Bowen's motion for directed verdict was denied. (Compl. ¶ 91). The jury found Bowen liable for Laird's attorney's fees awarding Laird $78,266.00. (Compl. ¶¶ 92-93).

Under those circumstances, the trial court was authorized to conclude as a matter of law that the defendants sought attorney fees in good faith. *Bacon*, 288 Ga. App. at 402.

Because the trial court correctly determined that the defendants had a complete defense to the claim of abusive litigation, it follows that the Oldhams' motion to substitute Bowen as plaintiff was moot. See *Ekokotu v. Pizza Hut, Inc.*, 205 Ga. App. 534, 537 (5) (422 SE2d 903) (1992) (motion to add a party defendant was properly denied as moot after the trial court determined there was insufficient evidence to

support the plaintiff's allegations). And so the trial court did not abuse its discretion in denying as moot the Oldhams' motion to substitute Bowen as plaintiff. See *Rogers v. Deutsche Bank Natl. Trust Co.*, 343 Ga. App. 655, 658 (2) (b) (808 SE2d 233) (2017) (substitution of parties is within trial court's discretion). I would therefore affirm the judgment below.